# NORTH POINT CONSOL. IRR. CO. v. INDUSTRIAL COMMISSION OF UTAH et al.

### No. 3931.   Decided March 22, 1923.   (214 Pac. 22.)

MASTER AND SERVANT—INJURY TO EMPLOYÉ RIDING BICYCLE ON WAY TO WORK HELD NOT COMPENSABLE AS "ARISING IN COURSE AND OUT OF EMPLOYMENT. Injuries to an employé struck by an automobile while riding his bicycle on a street of his own selection on his way to work, after his foreman had failed to get an automobile to carry him, as he had stated he might do, did not arise in the course or out of the employment within the Workmen's Compensation Act, the foreman having undertaken to provide transportation as a mere accommodation without authority from the employer, who was not obligated to do so.[1]

Application by the North Point Consolidated Irrigation Company to review an award of compensation made by the Industrial Commission under the Workmen's Compensation Act in favor of Steve Shingleton, employé.

AWARD ANNULLED.

*P. G. Ellis*, of Salt Lake City, for plaintiff.

*Harvey H. Cluff*, Atty. Gen., and *J. Robert Robinson*, Asst. Atty. Gen., for defendants.

FRICK, J.

This is an application to this court by the plaintiff to review, set aside, and annul an award made by the Industrial Commission of Utah, hereinafter called Commission, in favor of one Steve Shingleton, who was an employé of the plaintiff.

Briefly the facts are that on the 21st day of August, 1922, said Shingleton was in the employ of the plaintiff. He, with

---

[1] *Cudahy Packing Co.* v. *Industrial Commission*, 60 Utah, 161, 207 Pac. 148; *Chandler* v. *Industrial Commission*, 60 Utah, 387, 208 Pac. 499; *Cannon* v. *Goodyear, etc., Co.*, 60 Utah, 346, 208 Pac. 519,

some other employés of the plaintiff, had, for a number of
days, been engaged in repairing a certain dam which plain-
tiff had constructed and which was a part of its irrigation
and distributing system. The dam in question was located
some distance west of the center of Salt Lake City, and be-
yond the inhabited part of the city. The usual working
hours of Shingleton were from 8 a. m. till 5 p. m., with an
intermission for noon. Shingleton, and at least some of the
other employés of the plaintiff, lived in Salt Lake City, some
distance from the dam on which they were engaged at work.
On Saturday evening preceding the accident, on leaving
the work, the employés, including Shingleton, were told by
plaintiff's foreman, Mr. Bailey, that, if they would report
at the city barn in Salt Lake City on the next Monday morn-
ing, he expected to have an automobile there, and ''that he
might be able to drive them out to the canal in the auto.''
Upon that subject, quoting from the transcript of the evi-
dence certified to this court by the Commission, Shingleton
testified:

"He [plaintiff's foreman] told us to report to the city barn Mon-
day morning. * * * Q. Did he tell you what time to report?
A. No, sir; he didn't. Q. Did you report to the city barn Mon-
day morning? A. Yes. * * * Q. Was Mr. Bailey there? A.
He was there at 8 o'clock. * * * Q. And did you tell Mr. Bailey
that you were ready to proceed, to go to work?. A. Yes, sir. Q.
And what did he tell you? A. Why, he told us that he couldn't
get a car for us. Q. That he couldn't get an auto to take you to
the canal? A. Yes, sir. He said we had to take the street car.
Q. And you took the street car? A. I took the bike. Q. Your
own bicycle? A. Yes, sir."

The witness also testified that all this occurred prior to
8 o'clock, and that he mounted his bicycle to go to the canal,
and that while on his way, and a short distance from the
city barn, where he started from, he came into collision with
an automobile which was driven by a stranger, and through
which collision he received the injury here complained of,
and for which the Commission awarded him compensation.

With respect to how it came that an automobile was to
be provided on Monday morning Mr. Bailey, plaintiff's fore-
man, testified:

"Q. Did you tell Mr. Shingleton he was to report on the 21st day of August, 1922, before going to the canal? A. I told them I would try and get them an auto to take them out there to save them walking; if they wanted to go to the city barn I would take them all out collectively. Q. And did Mr. Shingleton call at the city barn on the 21st of August? A. Yes, sir. Q. And when he reported to the barn he consulted you, did he? A. I talked to all of the men together. Q. And what did you tell them? A. I told them I couldn't hire a car; that they would have to go out on the [street] car; and advised them to take the Second South car, as it was nearest the work. * * * Q. Now, without reference to any leading question, I want to ask again, Mr. Bailey, what you said to the workmen on Saturday evening with reference to coming to the barn—in other words, whether it was obligatory or a privilege to them in getting them out there? A. Just up to them. If they could get there sooner it was up to them. I didn't know where they lived. I said, 'I am going to hire an auto, and if you want to go out with me be at the barn.' "

. The foregoing evidence is without conflict or dispute. The undisputed evidence thus shows that the offer on the part of Mr. Bailey was made by him gratuitously. It also appears that it was made without authority from the plaintiff, and without knowledge on its part or on the part of any of its officers. It is further made to appear that plaintiff at no time had agreed to transport its empoyés to or from the dam, and, further, that Mr. Bailey had no authority to provide transportation for them on its behalf. It further appeared that Shingleton and the other employés were paid only for the time they were actually working at the dam, and that no allowance was made for any time consumed in going to or departing from the work.

Upon substantially the foregoing facts the Commission made an award in favor of Mr. Shingleton compensating him for the time lost by him as a consequence of the injury he received by coming into collision with the automobile, and also allowed him for other items of expense.

The plaintiff assails the action of the Commission in making the award upon the ground that the same is not supported by any substantial evidence, and that it is contrary to law. Plaintiff insists that the Commission's award is in excess of its jurisdiction or power, in that it can only allow compensa-

tion for accidental injuries which arise in the course of or
out of the employment, and that the accident and conse-
quential injuries complained of did not arise either in the
course of or out of the employment.

We are of the opinion that, in view of the undisputed evi-
dence in this proceeding, plaintiff's contention is sound, and
should prevail. The courts have had frequent occasion to
pass upon the question of whether an injury, which is re-
ceived by an employé while he is on his way, either in going
to or coming from the place of work, where he travels upon
his own initiative and on his own time and chooses his own
conveyance, comes within the Industrial Act (Comp. Laws
1917, §§ 3061-3165), and entitles the employé to compensa-
tion under the act. In *Leveroni* v. *Travelers' Ins. Co.*, 219
Mass. 488, 107 N. E. 349, the Supreme Judicial Court of
Massachusetts, in discussing the principle just stated, in the
course of the opinion, says:

"The contract of employment did not provide for transportation
or that he should be paid for the time taken in going and returning
to his place of employment, and when the day's work had ended the
employé was free to do as he pleased. If he had chosen to use the
public ways and had been injured by a defect or passing vehicle,
the administrator could not recover against the employer because
there would be no causal connection between the conditions of em-
ployment and the injuries suffered. *McNicol's Case*, 215 Mass. 497,
102 N. E. 697; *Holness* v. *McKay & Davis*, [1899] 2 K. B. 319."

In *Starr Piano Co.* v. *Ind. Acc. Com.*, 181 Cal. 433, 184
Pac. 860, the decision of the court is correctly reflected in
the second headnote, which reads:

"Under the Workmen's Compensation Act, an injury is not sus-
tained in the course of employment, where the employé is merely
on his way to work and is injured."

In *De Constantin* v. *Public Service Com.*, 75 W. Va. 32,
83 S. E. 88, L. R. A. 1916A, 329, the law is stated thus:

"An injury incurred by a workman in the course of his travel to
his place of work, and not on the premises of the employer, does
not give right to participation in such fund, unless the place of
injury was brought within the scope of employment by an express
or implied requirement in the contract of employment of its use by
the servant in going to and returning from his work."

To the same effect are: *Kowalek* v. *New York Con. Ry. Co.*, 229 N. Y. 489, 128 N. E. 888, and *Ocean Acc. Co.* v. *Industrial Acc. Com.*, 173 Cal. 313, 159 Pac. 1041, L. R. A. 1917B, 336. In the case last cited the cases are collated, and we shall not refer to them further.

This court has, however, also recognized the doctrine announced in the foregoing cases in *Cudahy Packing Co.* v. *Industrial Commission*, 60 Utah, 161, 207 Pac. 148, and in *Chandler* v. *Industrial Commission*, 60 Utah, 387, 208 Pac. 499; although the award of the Commission in those cases was upheld upon other grounds. The same is true with respect to the case of *Starr Piano Co.* v. *Ind. Acc. Com.*, supra.

In the case of *Cannon* v. *Goodyear, etc., Co.*, 60 Utah, 346, 208 Pac. 519, it is pointed out by Mr. Justice Thurman, speaking for this court, when and how an employé passes beyond the scope of his employment. That case is important only as illustrating when an act of the employé is or is not within the course of his employment. As a matter of course an employer may be held liable under our Industrial Act although the accident complained of may have occurred at a place other than the premises of the employer or the place of work of the employé. Both the *Chandler* and the *Cudahy Packing Co. Cases* illustrate instances of that kind. Then, again, if the employer provides transportation for his employés under contract with them, and an injury arises out of an accident occurring while the employés are going to or coming from the place of work, the injury may be compensable under the provisions of our Industrial Act. The case at bar, however, does not come within the doctrine just referred to, nor within the doctrine announced in the *Cudahy Packing Co. Case*. Here the foreman, without authority from the plaintiff, undertook to provide transportation for the workmen as a mere accommodation to them, and not because plaintiff was in any way obligated to do so. Then, again, Shingleton chose his own means of conveyance, and traveled upon streets of his own selection. Under these circumstances he certainly was doing nothing while traveling upon the streets in furtherance of his employment, and was in no way

426 . SUPREME COURT OF UTAH ' [Mar.

. Ocean Acc., etc. Co. v. Meek, 61 Utah 426

under the direction of his employer. The accident causing Shingleton's injury therefore, did not arise in the course of his employment, nor did it arise out of it. ·The award of the Commission, therefore, is not sustained by any substantial evidence, and, furthermore, is contrary to law.

The decision and· award of the Commission is therefore set aside and annulled. Plaintiff to recover costs of this proceeding.

WEBER, C. J., and GIDEON, THURMAN, and CHERRY, JJ., concur.