(No. 15307.—Judgment affirmed.)

THE INDIAN HILL CLUB, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(FRANCIS WILBERN, Defendant in Error.)

*Opinion filed June 20, 1923—Rehearing denied October 5, 1923.*

1. WORKMEN'S COMPENSATION—*when question of alteration in record will not be considered.* Although there is an apparent alteration in the record of the testimony heard by the arbitrator the Supreme Court will act upon the record as it comes before the court without questioning the alteration, where no charge has been made that the record was altered after it was certified and approved and the record itself does not show that the change was not made by the stenographer before the transcript was certified and approved.

2. SAME—*when caddies are employees of a golf club.* Caddies who work at a country club golf course and are under the control and direction of a caddy master are employees of the club within the meaning of the Compensation act, where it is a part of the function of the club to furnish caddies for golfers, whether or not the caddies are paid by the club or by the players themselves.

3. SAME—*when injury on way to or from work occurs in course of employment.* Employment, within the meaning of the Compensation act, is not limited to the exact moment when the employee begins work or when he quits work, and it is not essential that the employee be working at the particular time when the injury occurs, but an injury accidentally received on the premises of the employer while the employee is going to or from his work by a customary or permitted route, within a reasonable time before or after work, is received in the course of the employment within the meaning of the act.

4. SAME—*when the Child Labor act does not affect minor employee's right to compensation.* Section 5 of the Compensation act, defining employees as those who are "legally permitted to work under the laws of the State," includes minor employees although under the age at which minors are permitted to be employed under the Child Labor act, where such employees are engaged at voluntary work of a temporary and harmless character such as is permitted by the proviso to section 1 of the latter act.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. LEE W. CARRIER, Judge, presiding.

CHARLES A. SCOTT, (GEORGE A. SCHNEIDER, of counsel,) for plaintiff in error.

BINKLEY & MOONEY, for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

Francis Wilbern, a boy twelve years old, who was a caddy at the golf course of the Indian Hill Club, was struck by an automobile as he was leaving the grounds of the club on August 12, 1920, and seriously injured. He presented a claim for compensation against the club, and the arbitrator upon a hearing found that he was not entitled to compensation because the parties were not working under the provisions of the Workmen's Compensation act. On a petition for review, no other evidence being offered than that which was heard by the arbitrator, the commission set aside his decision and awarded compensation at the rate of $7 a week for 235 weeks and $5 for one week, and thereafter an annual pension for life of $132, for the reason that the injury resulted in permanent total disability. The award was confirmed by the circuit court of Cook county and a writ of error was allowed to review that judgment.

It is first contended by the plaintiff in error that the club was not under the Workmen's Compensation act. The Indian Hill Club is engaged in the operation and management of a country club and does not come within the classes of employers to whom the Workmen's Compensation act ap-

plies automatically under the provisions of section 3, but the first section of the act provides that any employer who does not come within those classes may elect to provide and pay compensation under the act and thereby become bound by its terms and entitled to its benefits. The abstract shows that there was a stipulation by the petitioner and the respondent that on August 12, 1920, they were working under the provisions of the Workmen's Compensation act; that the respondent had notice of the alleged injuries within thirty days of that date and that demand for compensation . was made in accordance with the statute. The record shows that at the hearing, in answer to the question of the arbitrator, "Can it be agreed that Francis Wilbern, the petitioner, and the Indian Hill Club, the respondent, were on the 12th day of August, 1920, working under and subject to the provisions of the Workmen's Compensation act?" the attorney for the plaintiff in error answered "yes." The word "yes" is written in ink over the typewritten word "no." We act upon the record as it comes before us. The original transcript of the arbitrator filed with the Industrial Commission is a part of the record, was certified as correct by the official reporter and approved by the attorneys for both parties. It shows on its face that it was agreed that the parties were working under the Workmen's Compensation act. If it has been altered since it was certified and approved that fact should have been brought to the attention of the Industrial Commission and of the circuit court, but it is not charged that it was so altered. The record shows the change, but it does not show that the change was not made by the stenographer before the transcript was certified and approved. Therefore, in the face of the agreement that the parties were working under the Workmen's Compensation act, the question is not open to consideration even though the claimant introduced evidence on that question as though it were in issue and the arbitrator found to the contrary of the agreement.

309—18

The plaintiff in error introduced no evidence but contends that the evidence does not show any employment of the defendant in error. The defendant in error testified that he had been caddying for the Indian Hill Club for about two years; that on the morning in question he got out to the club about seven o'clock in the morning and handed the caddy master his button, which was numbered 124. There were about 100 caddies there, and after he handed his button in he waited for his number to be called. The method was that the caddy master would put the buttons in a box and take them out one at a time and then the caddies would write down their numbers, and the order of the numbers was written on a piece of paper and hung up so that everybody could see it. The caddy master was the only person the caddies had to report to. After they turned in their buttons they waited until they were called out according to the numbers they had drawn. On this morning the defendant in error saw that his number was toward the end of the list, and about ten o'clock he and four of the others started to go home. When they got nearly to the street, on the grass about three feet from the driveway on the club grounds, he was struck by an automobile which was using the private driveway of the club and received the injuries for which compensation was asked. A day's work at the club was about eight hours,—thirty-six holes of golf. The pay was twenty-five cents an hour. The defendant in error worked about four days each week during vacation, and during school time he worked on Saturdays and Sundays. He began work in May and quit about October. This was the only time the caddies were employed. The caddy master stamped the time on a card for the caddy, who then at the locker house got the bag of the man he was caddying for and met him at the first tee and then went with him for eighteen holes in the morning and after lunch for eighteen holes in the afternoon. The plaintiff in error says that it does not appear from this evidence who was paying the

twenty-five cents an hour, it being possible to conclude from this statement that the individual members of the plaintiff in error were paying this money and not the plaintiff in error as an employer. The testimony of the boy is that he was working for the Indian Hill Club; that he did not work for any other club. It appears that the boys were under the control of the caddy master, who called them when they were needed. It was a part of the function of the club to furnish caddies for players. The caddies reported to the caddy master. They were under his direction. Whether the club paid the caddies and afterward collected from the players, or the players themselves paid the caddies in the first instance, the caddies were still employees of the club.

It is also contended that the injury did not occur in the course of the employment and did not arise out of it. The defendant in error, having waited until he saw there was no immediate prospect of his services being needed, was leaving the grounds of the club, and while doing so, but still on the grounds and about thirty feet from the clubhouse, was injured. It is not essential to the right to receive compensation that the employee should have been working at the particular time when the injury was received. The employment is not limited to the exact moment when he begins work or when he quits work. (*Wabash Railway Co.* v. *Industrial Com.* 294 Ill. 119.) An injury accidentally received on the premises of the employer by an employee while going to or from his place of employment by a customary or permitted route, within a reasonable time before or after work, is received in the course of and arises out of the employment. *Porter Co.* v. *Industrial Com.* 301 Ill. 76; *Western Coal Co.* v. *Industrial Com.* 296 id. 408; *Wabash Railway Co.* v. *Industrial Com. supra; Schweiss* v. *Industrial Com.* 292 Ill. 90.

It is further contended that the evidence does not justify the award of a pension. The boy was an active, rugged boy who had never been sick. He was fond of athletics

and was a good runner and jumper,—a strong, healthy boy. Since the accident he cannot run; it gives him a sharp pain in the side; he has not tried to lift anything or to swim; his side, back, head and stomach hurt him; he feels drowsy and has vomiting spells; he tries to play at times, but after being out a little while comes in tired and not feeling well, and either lies down or sits in a chair with a pillow behind him. His father testified that he is absent-minded, nervous, sensitive. He has sick spells when he vomits, his side aches, his head aches at night and he is very restless. He does not sleep well and his appetite is poor. A physician testified that there is a fracture of the second, third, fourth and fifth ribs, with considerable overlapping of the third rib and some deformity of the fourth. He has prolapsus of the stomach. It empties very slowly and the condition is probably permanent. It slows digestion and causes poor nourishment. He has a malformation of the chest. There was a retraction on the left side. The left side expands slower than the right. The reflexes were greatly exaggerated. While the doctor was taking the X-rays the boy had a vomiting spell. The explanation on a theoretical basis, the doctor testified, was some portion of the upper intestinal tract being caught in a scar, or, more probably, some impairment of the sympathetic nervous system. He may outgrow the nausea and vomiting if he can build up his general health and improve nutrition. The condition in the chest,—the traumatic pleurisy,—is undoubtedly permanent. The doctor testified further that the boy's condition was such that he could not do the work of a caddy, and unless he changes decidedly he could not do anything. The evidence sustains the finding of the commission as to the permanent and total disability and justifies the allowance of the pension.

It is also argued by the plaintiff in error that the defendant in error is not within the Workmen's Compensation act, because, being under the age of fourteen years, he was not

"legally permitted to work under the laws of the State," in conformity with the second clause of section 5, which defines employees, and therefore is not entitled to compensation under the act, as held in *Roszek* v. *Bauerle & Stark Co.* 282 Ill. 557, and *Messmer* v. *Industrial Board,* id. 562. If the prohibition of the Child Labor law were otherwise applicable it does not apply in this case by reason of the proviso to section 1, which provides that nothing in the section shall be construed to prevent any minor under the age of fourteen years from doing voluntary work of a temporary and harmless character for compensation, when school is not in session.

The judgment will be affirmed.    *Judgment affirmed.*