**BOATRIGHT v. GEORGIA CASUALTY CO.***
(No. 7423.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 4, 1925. Rehearing Denied. Dec. 5, 1925.)

**1. Master and servant ⊜➾375(2)—Injury received on way to work held not in course of employment.**

Where workman was employed by two parties, injury while on way from the place of one to the other *held* not to have arisen in the course of his employment, where way used to reach premises of latter employer was not provided by that employer.

**2. Master and servant ⊜➾371—Injury to workman on sidewalk at distance from employer's property held not to arise from condition of place furnished.**

Where employee was injured while on sidewalk on way to employer's, but 450 feet from office by third person running into him, injury did not arise from permanent condition of place furnished by employer, justifying recovery against employer's insurer, under Employers' Liability Act.

Error from District Court, Val Verde County; Joseph Jones, Judge.

Suit by J. B. Boatright against the Georgia Casualty Company. Judgment for defendant, and plaintiff brings error. Affirmed.

G. P. Arnold, of Del Rio, for plaintiff in error.

John J. Foster and Ben F. Foster, both of Del Rio, and Birkhead, Lang & Beckmann and Harold K. Stanard, all of San Antonio, for defendant in error.

FLY, C. J. This is a suit by plaintiff in error to recover accident insurance from defendant in error in some sum not obtainable from the prayer, except, perhaps, by a calculation. The parties to this writ of error will be called plaintiff and defendant for brevity.

The evidence was heard by court and jury, and, after hearing it, the court instructed the jury to return a verdict for defendant. The instruction to the jury was as follows:

"Because the court is of the opinion that the undisputed evidence in this case shows that the injury received by plaintiff, and which is complained of in this case, was received by him while acting outside of the course of his employment with the Eagle Pass Lumber Company, he therefore fails as a matter of law to establish any case against the defendant. You are therefore directed to return your verdict in favor of the defendant and against the plaintiff."

Previous to filing this suit, the Industrial Accident Board had made the following award:

"J. B. Boatright, Employee, v. Georgia Casualty Co., Insurer; Eagle Pass Lumber Co., Employer. I–19802.

"On this 22d day of May, 1924, after due notice to all parties at interest, came on for consideration by the Industrial Accident Board, claim for compensation made and asserted herein by J. B. Boatright against the Georgia Casualty Company; and, it appearing that the question involved herein has not been settled by agreement of the parties, as provided by law, the board finds as follows: That on December 24, 1922, the Eagle Pass Lumber Company was a subscriber to the Employer's Liability Act (Rev. St. 1925, art. 8306 et seq.), and on that date carried a policy of insurance with the Georgia Casualty Company; that the

---

⊜➾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error dismissed for want of jurisdiction January 27, 1926.

said J. B. Boatright was the general employee of the Eagle Pass Lumber Company at Del Rio, Tex., on the date and occasion he suffered the injury of which he complains, but at the identical moment, when the injury was suffered, he was not engaged in the course of his employment as the employee of the said Eagle Pass Lumber Company, and was engaged wholly and absolutely outside of any connection or association with the business of the said Eagle Pass Lumber Company when the injury was actually sustained, and therefore his said claim for compensation must be and the same is hereby denied and refused, and the said Georgia Casualty Company must be and is hereby accorded full acquittance and discharge from liability on account of said claim, and it is so ordered, adjudged, and decreed by the board."

[1, 2] The facts show that when injured plaintiff was not engaged in work for the Eagle Pass Lumber Company, but was engaged in the duties of a watchman for Mr. Block's store under employment by him. Plaintiff was about 450 feet from the office of the lumber company when he was hurt. There was no property belonging to the lumber company where plaintiff was hurt. These facts are not denied, but admitted by plaintiff. If plaintiff was engaged in the service of Block at the time of his injury, he was not engaged in the service of the lumber company, which had taken out the insurance. The statute provides that the injuries must be "sustained by an employee in the course of his employment." Even if it had been shown that plaintiff was on his way to the work of his master, he would not be brought within the terms of the statute, for he did not receive his injuries "in the course of his employment." Hopkins v. Garrison Lumber Co. (Tex. Civ. App.) 144 S. W. 310; Associated Employers v. Griffith (Tex. Civ. App.) 264 S. W. 346. The lumber company had not provided a way for plaintiff to use in reaching its premises, and consequently the facts in this case do not bring it within the scope of the ruling in Lumberman's Association v. Behnken, 112 Tex. 103, 246 S. W. .72, 28 A. L. R. 1402. In that case a way had been furnished, or at least recognized, as the proper one for the servant to reach the place of business of the master, and the court held:

"So, in every case where injury occurs at a place furnished by the employer, in the interest of his business, as the necessary and immediate means of access to where the employee is required to labor, from a danger caused by the permanent condition of such place, and at a time when the employee is expected or required to enter the plant, the injury is as truly the result of a risk incident to the employment as though happening within the plant where the employee does his regular work, and during the hours for such work."

In that case the employee was injured at a railroad crossing which he was compelled to use in going to and from the sawmill where he worked. He had no other practicable way of reaching the plant, and was killed by a train, a danger incident to the use of the crossing. In this case plaintiff was walking along a sidewalk in front of Block's store, where he was also employed, when a frightened young man ran against him and knocked him down and injured him. The accident did not arise from the permanent condition of a place furnished by the lumber company for plaintiff.

We conclude that there is no error in the judgment, and it is affirmed.