(February 18, 1927.)

ALTA WALKER, for Herself and as Guardian of Minor Children, Appellant, v. ROBERT P. HYDE, Employer, and the METROPOLITAN CASUALTY COMPANY OF NEW YORK, SURETY, Respondents.

[253 Pac. 1104.]

MASTER AND SERVANT — WORKMEN'S COMPENSATION ACT — STIPULATED FACTS—BURDEN OF PROOF ON CLAIMANT — TERMS IN ACT CONSTRUED—INJURY NOT IN COURSE OF EMPLOYMENT.

1. The facts being stipulated in a compensation case and adopted as the board's findings, the question whether the accident arose out of and in the course of employee's employment is one of law.

2. Claimant, in compensation case, has the burden of showing that injury occurred in connection with the employment, and that it arose out of and in the service at which the injured person was employed.

3. Within the Workmen's Compensation Act (C. S., sec. 6213 et seq.), the words "out of" refer to origin or cause of the accident, and the words "in the course of" to the time, place and circumstances under which it occurred.

4. Injury to one employed to cut timber, having occurred a half mile from his place of employment, when he, while returning from lunch, attempted to get on a truck for a ride, the truck not having been furnished as a means of transportation, did not arise out of and in the course of his employment within C. S., sec. 6217, though the accident occurred on the premises where the log-

43 Idaho—40

ging operations were being carried on; it not being on a way provided by the employer which the employee was required to travel, so that he was under the employer's domination.

APPEAL from the District Court of the Eighth Judicial District, for Benewah County. Hon. W. F. McNaughton, Judge.

Judgment affirming order of Industrial Accident Board denying compensation. *Affirmed.*

James F. Ailshie and James F. Ailshie, Jr., for Appellants.

A personal injury, by accident, received by a workman, during the noon hour, at a point located on the employer's premises, and at a time when the workman has started back to work, arises out of and in the course of his employment. (*North Carolina R. Co. v. Zachary,* 223 U. S. 248, Ann. Cas. 1914C, 159, 34 Sup. Ct. 305, 58 L. ed. 591, 9 N. C. C. A. 109; 1 Honnold on Workmen's Compensation, p. 379, sec. 111; *In re Sundine,* 218 Mass. 1, 105 N. E. 433, L. R. A. 1916A, 318; *Johnson Coffee Co. v. McDonald,* 143 Tenn. 505, 226 S. W. 215; *Employers' Mut. Ins. Co. v. Industrial Commission,* 76 Colo. 84, 230 Pac. 394; *Thomas v. Proctor & Gamble,* 104 Kan. 432, 6 A. L. R. 1145, 179 Pac. 372; *Boyle v. Columbia Fire Proofing Co.,* 182 Mass. 93, 64 N. E. 726;

Publisher's Note.

3. Injuries arising out of and in course of employment generally, see notes in L. R. A. 1916A, 40, 232; L. R. A. 1917D, 114; L. R. A. 1918F, 896. See, also, 28 R. C. L. 796–802.

4. Injury to employee while procuring refreshment as in course of employment, see notes in L. R. A. 1916A, 320; L. R. A. 1917D, 120. Injuries while going to or from work, see notes in L. R. A. 1916A, 331; L. R. A. 1917D, 119; L. R. A. 1918F, 907. See, also, 28 R. C. L. 804.

See Workmen's Compensation Acts, C. J., sec. 34, p. 40, n. 95; sec. 63, p. 72, n. 69, 76, p. 73, n. 73, 76; sec. 65, p. 74, n. 86, 87; sec. 68, p. 78, n. 1; sec. 75, p. 84, n. 60; sec. 112, p. 115, n. 24; sec. 128, p. 124, n. 60 New.

*Griffith v. Cole Bros.*, 183 Iowa, 415, 165 N. W. 577, L. R. A. 1918F, 923.)

The temporary cessation of actual performance of labor for the purpose of eating lunch, securing clothing, securing a drink, securing tools owned by the employee, answering the call of nature and going to and from the places where these necessary acts are done, and any other reasonable or necessary incidents of daily life, are a part of the employment, and an injury occurring during such a period is an incident to the employment and compensable. (*Zabriske v. Erie R. Co.*, 68 N. J. L. 266, 92 Atl. 385, L. R. A. 1916A, 315; *DeMann v. Hydraulic Engineering Co.*, 192 Mich. 594, 159 N. W. 380; *City of Milwaukee v. Althoff*, 156 Wis. 68, 145 N. W. 238, L. R. A. 1916A, 327; *City of Milwaukee v. Industrial Com.*, 185 Wis. 311, 201 N. W. 240; *Beaudry v. Watkins*, 191 Mich. 445, 158 N. W. 16, L. R. A. 1916F, 576; *Consolidated Underwriters v. Breedlove*, 114 Tex. 172, 265 S. W. 128; *Lowe v. General Steam Fishing Co.* (Eng.), note, L. R. A. 1916A, p. 320; *Western Coal & Min. Co. v. Industrial Com.*, 296 Ill. 408, 129 N. E. 779; *De Filippis v. Falkenberg*, 170 App. Div. 153, 155 N. Y. Supp. 761.)

An injury received by a workman while on his way to work and prior to the actual commencement of his labors comes within the act. (*Flynn v. Carson*, 42 Ida. 141, 243 Pac. 818.)

Ralph S. Nelson and E. R. Whitla, for Respondents.

The injury must arise "out of" and "in the course of" the employment before the workman is entitled to compensation. (C. S., sec. 6217; *Tiralongo v. Stanley Works*, 104 Conn. 331, 133 Atl. 98; *Gale v. Krug Park Amusement Co.* (Neb.), 208 N. W. 739; *Sure Pure Ice Co. v. Industrial Com.*, 320 Ill. 332, 150 N. E. 909; *Brady v. Oregon Lumber Co.*, 117 Or. 188, 243 Pac. 96; *Cox v. Kansas City Refining Co.*, 108 Kan. 320, 19 A. L. R. 90, 195 Pac. 863; *Coronado Beach Co. v. Pillsbury*, 172 Cal. 682, 158 Pac. 212, L. R. A. 1916F, 1164; *Ryan v. City of Port Huron*, 234 Mich. 648, 209 N. W.

101; *Board of Education v. Industrial Com.,* 321 Ill. 23, 151 N. E. 499; *Gibbs v. Almstrom,* 145 Minn. 35, 11 A. L. R. 227, 176 N. W. 173; *Mann v. Glastonbury Knitting Co.,* 90 Conn. 116, 96 Atl. 368; *Hills v. Blair,* 182 Mich. 20, 148 N. W. 243.)

Where the employee is injured going to or returning from work or while securing lunch, at a place selected by himself and not at a place provided by his employer, the injury does not arise out of or in the course of the employment and the act does not apply. (1 Honnold on Workmen's Compensation, pp. 375, 379; *California Casualty Indemnity Exchange v. Industrial Com.,* 190 Cal. 433, 213 Pac. 357; *Southern Surety Co. v. Galloway,* 89 Okl. 45, 213 Pac. 850; *In re Gardner,* 247 Mass. 308, 142 N. E. 32; *Fairbank Co. v. Industrial Com.,* 285 Ill. 11, 120 N. E. 457; *Taylor v. Binswanger & Co.,* 130 Va. 545, 107 S. E. 649; *In re Betts,* 66 Ind. App. 484, 118 N. E. 551; *Clark v. Vorhees,* 231 N. Y. 14, 131 N. E. 553; *In re Haggard's Case,* 234 Mass. 330, 125 N. E. 565; *Bell's Case,* 238 Mass. 46, 130 N. E. 67; *Universal Portland Cement Co. v. Spirakis,* 79 Ind. App. 17, 137 N. E. 276; *Morey v. City of Battle Creek,* 229 Mich. 650, 38 A. L. R. 1039, 202 N. W. 525; *Hills v. Blair,* 182 Mich. 20, 184 N. W. 243.)

Where the employee is choosing his own method of transportation to or from work or the injury occurs at noon when he is not under the direction of the employer or when he has turned aside temporarily for a purpose other than that for which he is employed, and is injured, he is not entitled to compensation under the act. (*Board of Education v. Industrial Com.,* 321 Ill. 23, 151 N. E. 499; *Gibbs v. Almstrom,* 145 Minn. 35, 11 A. L. R. 227, 176 N. W. 173; *Spooner v. Detroit Saturday Night Co.,* 187 Mich. 125, 153 N. W. 657; *Haas v. Kansas City L. & P. Co.,* 109 Kan. 197, 198 Pac. 174; *Colucci v. Edison Portland Cement Co.,* 94 N. J. L. 542, 10 A. L. R. 1486, 111 Atl. 4; *Gacesa v. Consumers Power Co.,* 220 Mich. 338, 24 A. L. R. 675, 190 N. W. 279; *Northwestern Pacific R. Co. v. In-*

*dustrial Com.*, 174 Cal. 297, 163 Pac. 1000, L. R. A. 1918A, 286; *Kraft v. West Hotel Co.*, 193 Iowa, 1288, 31 A. L. R. 1245, 188 N. W. 870; *Withers v. Employers Liability Co.*, 252 Mass. 415, 40 A. L. R. 1475, 147 N. E. 831; *Hopkins v. Michigan Sugar Co.*, 184 Mich. 87, 150 N. W. 325, L. R. A. 1916A, 310; *Utah Copper Co. v. Industrial Com.*, 62 Utah, 33, 33 A. L. R. 1327, 217 Pac. 1105; *Jacobson's Case*, 248 Mass. 466, 143 N. E. 317.)

BUDGE, J.—Robert P. Hyde purchased certain timber and entered into a contract with one Moore, whereby the latter was to have charge of cutting the timber and hauling it from the woods to the railroad track. Compensation insurance premiums on Moore and his employees were to be paid by Hyde, and were so paid, including premium on Clifford S. Walker, deceased. Hyde made an independent contract with one Hodson, whereby Hodson was to furnish a truck and driver for hauling some of the logs. The driver of the truck was paid by Hyde and such payments were ultimately charged to Moore and deducted from his contract. Moore employed Clifford S. Walker and one of Walker's sons as sawyers, whose sole work and employment was to cut down trees and saw them into logs for which they received a stipulated sum per thousand feet. They were piece workers.

Walker and his son resided a distance of about one mile from the scene of their employment, and sometimes would go home for their noonday meal, and at other times lunch would be brought to them by one of Walker's children. On August 18, 1924, at which time the logging operations were in progress, Walker and his son started home for lunch, but when they had gone some distance were met by one of the children bringing their lunch. After eating and upon their way back to work they were overtaken on the road by the Hodson truck, which was returning from the railroad right of way. As the truck approached the Walkers, they stepped to the left of the road to allow it to pass. A team a little ahead caused the driver of the truck to slow down, and as he

did so the elder Walker ran around behind the truck to the right side and attempted to board its front bunk. In his attempt to get on the truck, Walker fell, and one of the rear wheels passed over his body causing instant death. The driver of the truck did not see Walker when he attempted to ride, and did not know that he intended so doing. It was known that the deceased had, on at least two occasions, ridden on the trucks, and others working for Moore had been known to ride on them. No orders or instructions had been given with reference to riding on the trucks, and the employer did not furnish transportation of any kind to the deceased or to his son.

The above is the substance of a stipulation of facts upon which a claim for compensation was made to the Industrial Accident Board by the wife and minor dependent children of the deceased. The board denied compensation and an appeal was taken to the district court which affirmed the decision of the board, whereupon the claimants prosecuted an appeal to this court.

[1] The facts being stipulated and adopted as the findings of the board, upon which its ruling was based, the only question here for determination is one of law; namely, whether, under the admitted facts, the accident resulting in Walker's death arose out of and in the course of his employment. (*Johnston v. A. C. White Lumber Co.,* 37 Ida. 617, 217 Pac. 979; *Reck v. Whittlesberger,* 181 Mich. 463, Ann. Cas. 1916C, 771, 148 N. W. 247.)

[2] It is well settled that the burden rests upon the one claiming compensation to show by competent testimony, direct or circumstantial, not only the fact of an injury, but that it occurred in connection with the alleged employment, and that it both arose out of and in the service at which the injured party was employed. The Workmen's Compensation Act (C. S., sec. 6213 et seq.) does not provide compensation insurance for the employed workmen for accidents or injuries which may befall them other than for such accidents or injuries which arise out of and in the course of

their employment. [3] The words "out of" refer to the origin or cause of the accident, and the words "in the course of" to the time, place and circumstances under which it occurred. (*Rayner v. Sligh Furniture Co.*, 180 Mich. 168, Ann. Cas. 1916A, 386, 146 N. W. 665, L. R. A. 1916A, 22; *Hills v. Blair*, 182 Mich. 20, 148 N. W. 243.)

[4] From the weight of authority, the rule would seem to be that the injury must have been sustained or death caused due to some act or condition connected with the doing of the work, or that the injury must have been sustained or death caused at or near the place at which the injured party was required to work by the terms of his employment and in the doing of the things for which he was employed. The employment of the deceased was to cut down trees and saw them into logs. His place of employment was approximately one-half mile from where he was injured. The accident occurred during the noon hour, at which time deceased had left his place of employment and his employment. No transportation was furnished or was to be furnished by the employer. If the truck had been furnished as a means of transportation, there would be no question about the right of claimants to an award. (*Flynn v. Carson*, 42 Ida. 141, 243 Pac. 818.) Can it be said that the injury to deceased, when he attempted to jump on the truck, had any relation whatever to the work which he was engaged to do? Under the facts as stipulated, and applying the provisions of C. S., sec. 6217, to the facts, we are forced to the conclusion that the injury was totally foreign to the work in which deceased was engaged and did not arise *out of* and *in the course of* his employment. These two propositions must be present in order that recovery may be had. (*Gale v. Krug Park Amusement Co.* (Neb.), 208 N. W. 739, 46 A. L. R. 1213.)

While it is true that the Workmen's Compensation Act should be liberally construed with a view to effecting its object and to promote justice, with which rule we find ourselves in accord, nevertheless, before recovery can be had

thereunder, a party seeking compensation must bring himself within the terms of the act. Each case must be determined largely upon its particular facts and the law as applied thereto; no hard-and-fast rule can be laid down as controlling. The authorities are irreconcilable, and many of them may be said to be in direct conflict. The modern tendency of the decisions, however, to the spirit of the law, is to award compensation in all cases where a liberal construction of the statute would justify it. Even in view of this liberal construction, it is not enough for the applicant to say that the accident would not have happened if he had not been engaged in the particular employment or if he had not been at the particular place. He must go further and must say that the accident arose because of something he was doing in the course of his employment and because he was exposed by the nature of his employment to some particular danger. (*In re Belts,* 66 Ind. App. 484, 118 N. E. 551.)

Can it be said, in view of the rule above stated, that there was the slightest causal connection between the work in which the deceased was engaged and his act in attempting to get on the truck, approximately one-half mile from the place of his employment and at a time when he was not engaged in anything connected with his employment? We think it cannot be said that the injury followed as a natural incident of the work, or that it could have been contemplated as a result of any exposure occasioned by the nature of the employment. On the contrary, it was wholly foreign to it. Under the facts in this case it is not material that the accident occurred on the premises where the operations were being carried on, unless it was over a way provided by the employer, which the employee was required to travel, so that he was under the domination of the employer.

As throwing light upon the conclusion reached, attention is called to the following cases: *Taylor v. Binswanger & Co.,* 130 Va. 545, 107 S. E. 649; *Hills v. Blair, supra; Morey v. City of Battle Creek,* 229 Mich. 650, 38 A. L. R. 1039, 202

N. W. 925; *Kowalek v. New York Consol. R. Co.*, 229 N. Y. 489, 128 N. E. 888; *North Point Consol. Irr. Co. v. Industrial Com.*, 61 Utah, 421, 214 Pac. 22; *California Highway Com. v. Industrial Acc. Com.*, 61 Cal. App. 284, 214 Pac. 658; *London Guarantee & Acc. Co. v. Industrial Acc. Com.*, 190 Cal. 587, 213 Pac. 977; *Haas v. Kansas City Light & Power Co.*, 109 Kan. 197, 198 Pac. 174; *London & Lancashire G. & A. Co. v. Industrial Acc. Com.*, 173 Cal. 642, 161 Pac. 2; *Kent v. Virginia-Carolina Chemical Co.*, 143 Va. 62, 129 S. E. 330; *Gale v. Krug Park Amusement Co., supra; Boatright v. Georgia Casualty Co.* (Tex. Civ. App.), 277 S. W. 802; *Diaz v. Warren Bros. Co.*, 95 Conn. 287, 111 Atl. 206.

From what has been said, it follows that the judgment must be affirmed, and it is so ordered; costs awarded to respondents.

Wm. E. Lee, C. J., and Taylor, J., concur.

GIVENS, J., Dissenting.—Prior to June 1, 1924, Robert P. Hyde purchased certain timber and thereafter contracted with W. E. Moore for the cutting of the timber. All compensation insurance premiums on Moore and his men were to be paid by Hyde and deducted from the contract price. The premiums were paid by Hyde, including that upon Clifford S. Walker, the deceased. Moore, as a part of his contract, was to haul the timber from the woods to the railroad track. Hyde made an independent contract with one Loy Hodson, whereby Hodson was to furnish a truck and driver for hauling logs at a certain sum per thousand feet. Jim Johnson was the driver hired by Hodson, Hyde paying his wages and charging it to Hodson. All these payments were ultimately charged to Moore and deducted from his contract. Clifford S. Walker, deceased, and his son Walter were employed, in July, 1924, as sawyers, their sole work being to cut down trees and saw them into logs, their pay being $1.25 per thousand feet. The deceased and his son lived at home and part of the time would go home to lunch,

while at other times would have their lunch brought to them.

On August 18, 1924, deceased and his son started home for lunch, but when they had gone some little distance they were met by one of the deceased's children bringing their lunch. After eating and upon their way back to work they were overtaken by Jim Johnson driving the Hodson truck over the logging road, returning from the rollways on the railroad right of way where he had unloaded. As the truck approached, the deceased and his son stepped to the left to allow it to pass. A team a little ahead caused the truck to slow down, and the deceased ran around the back of the truck to the right side, and, while attempting to board the front bunk of the truck, fell in some manner and one of the wheels of the truck passed over his body, causing instant death. Johnson, the driver, did not see Walker, and did not know he intended or attempted to ride. The deceased had ridden on the truck on at least two or three other occasions, and others working for Moore had also ridden. No orders or instructions with reference to riding the trucks had been given, and the employer did not furnish any transportation for the deceased or his son.

The board adopted the stipulation as its findings of fact, and denied appellant's claim for compensation, and an appeal was then taken to the district court, where the action of the board was affirmed, whereupon this appeal was taken.

The sole question for determination is whether the accident resulting in Walker's death "arose out of and in the course of" his employment. (C. S., sec. 6217.)

The general rule is that an injury occurring to an employee going to or from his work does not arise out of his employment. Various exceptions, however, have been recognized, based upon different grounds—for instance, that the employee is on the master's premises immediately adjacent to the actual place of employment; going or returning in a conveyance furnished by the employer; traversing the only means of ingress or egress, whether furnished by the em-

ployer or by others, but used with the employer's knowledge and consent; performing some particular work for the employer, although the place of the accident and the cause was common to any traveler; when going to or from the employer's place of business at the specific instance and request of the employer, as, for instance, the case of a traveling man employed by an English house returning at his employer's request to England on the "Lusitania" at the time it was sunk by a torpedo.  (*Foley v. Home Rubber Co.,* 89 N. J. L., 474, 99 Atl. 624.)

Applying some of these tests to the case under consideration we find that the deceased was returning to his work. The employer had the right to use and occupy the land upon which the timber was growing and which he was logging off, and the deceased was merely crossing these premises in order to get to the immediate place of employment; he was therefore on the master's premises to the extent that it was necessary for him to cross the intervening land, although not on the premises in the sense that an employee would be on the premises of a factory where such ground might be inclosed by fence or other structure or in a building in some part of which the employee performed a specific task.  The deceased was traversing a roadway furnished by the employer apparently for the primary purpose of hauling logs, but, so far as the stipulaton and map showed, the only roadway running from near deceased's home toward his immediate place of employment.  The stipulation shows that twice before the deceased had ridden on a truck similarly used as that which caused his death if not the same truck, and that others had ridden on these trucks.  The stipulation says, "It was known."  While perhaps ambiguous, it is reasonable to infer that the knowledge meant was the knowledge of the employer.  Certainly the employer knew that it was necessary for the deceased to cross the intervening land in the area containing the employer's timber to reach the place where he was called upon to cut down trees.

What may be called the Illinois rule appears to be that, if the injured employee was on the master's premises going

to or from his work, leaving at a reasonable time, and following the customary or permitted route off the premises, the accident arises out of the employment. *Wabash Ry. Co. v. Industrial Com.,* 294 Ill. 119, 128 N. E. 290, *Schweiss v. Industrial Com.,* 292 Ill. 90, 126 N. E. 566, cited with approval in *Makins v. Industrial Com.,* 198 Cal. 698, 247 Pac. 202, and *Novack v. Montgomery Ward & Co.,* 158 Minn. 495, 198 N. W. 291, and followed in *Jeffries v. Pitman-Moore Co.,* 83 Ind. App. 159, 147 N. E. 919, where a factory employee, going to work at the usual and customary time over a roadway constructed and maintained by the employer for use of employees in going to and from the factory building, was accidentally killed on such roadway near his place of work on the premises of the employer, and it was held that his death was a result of an accident in the course of and arising out of his employment, on the theory that at the time of the accident he was going to his work and performing a duty he owed his employer, and was proceeding through the premises of his employer over a way prepared and maintained by his employer for that purpose; *Indian Hill Club v. Industrial Com.,* 309 Ill. 271, 140 N. E. 871, where a caddy had left the scene of his employment and was merely going home along a roadway on the club grounds, was injured, and held entitled to compensation. (*Crane v. Industrial Com.,* 306 Ill. 56, 137 N. E. 437.)

A much stronger case is *Porter v. Industrial Com.,* 301 Ill. 76, 133 N. E. 652, where a traveling salesman was going from lunch at his home to the factory or home office of the company by which he was employed, and, while getting on a street-car, was injured by an automobile and compensation was allowed. Clearly he was not on the master's premises nor traveling by means furnished by the employer, nor even on a roadway or passageway furnished by his employer.

In *Thomas v. Proctor & Gamble,* 104 Kan. 432, 6 A. L. R. 1145, 179 Pac. 372, the court held that a young girl employed in a factory suffered an accident arising out of her employment when during the noon hour, while not at work,

she was injured by playing in the factory with other employees on a truck; such amusement being with the consent and approval of the foreman.

*Western Coal & M. Co. v. Industrial Com.,* 296 Ill. 408, 129 N. E. 779, is quite closely in point. There a minor going to the mine to commence his work walked on a railroad track, the railroad company not being owned by the mining company although it traversed the mining company's premises, in some manner unknown as there were no eyewitnesses, was killed, and it was held that it was an accident arising out of his employment.

If Walker had not been an employee, he would have had no occasion to, and would have had no right to, be traversing the road in question. It was because of his employment that he sought to ride upon the truck. The road was the common way, and, according to the map, the only way provided for him to travel on his way to work. If he had not been so employed and if he had not been on his way to work—in other words, if he had not been engaged upon his master's business, though it was preparatory to his actual employment—the accident would not have happened to him as an employee; hence the accident arose out of the employment. (*Terlecki v. Strauss,* 85 N. J. L. 454, 89 Atl. 1023.)

*Hills v. Blair,* 182 Mich. 20. 148 N. W. 243, is a case largely relied upon by respondents, and the point is made in that and other cases that there must be a limit of distance beyond the actual scene of the employment beyond which the employer is not responsible, and where, if an accident occurs, it does not arise out of the employment, and that is true; nevertheless Michigan has recognized that, where an accident occurred on the master's premises, though not in the building wherein the employee worked, such is an accident arising out of the employment. (*Brink v. Wells Lbr. Co.,* 229 Mich. 35, 201 N. W. 222.) What that distance must be, and the attendant circumstances which remove the accident from the terms of the statute, must necessarily vary with each particular case, but it does not seem to me

that it is reasonable to say in the instant case that the accident did not arise out of and in the course of Walker's employment. Certainly Walker would not be subjected to the dangers of walking upon this road or trying to ride on a truck on this road to his place of employment if he had not been engaged in cutting timber on these particular premises, and the soundness of such doctrine has been recognized by the supreme court of the United States. (*Cudahy Packing Co. v. Parramore*, 263 U. S. 418, 30 A. L. R. 532, 44 Sup. Ct. 153, 68 L. ed. 366.) Some courts have allowed compensation under similar circumstances, even though the employee was not on his master's premises. (*Monroe County v. Industrial Com.*, 184 Wis. 32, 198 N. W. 597.) Being on the premises is of some importance. (*Moore v. Cincinnati N. & O. R. P. R. Co.*, 148 Tenn. 561, 256 S. W. 876; *Erie R. Co. v. Winfield*, 244 U. S. 170, Ann. Cas 1918B, 662, 37 Sup. Ct. 556, 61 L. ed. 1057.)

There is no question of contributory negligence (C. S., sec. 6214), and there is no contention that he was attempting to board the truck for a purpose entirely his own, unconnected with his master's business.

The judgment should be reversed, with instructions to enter judgment for appellants.

I am authorized to say that T. Bailey Lee, J., concurs with me in this opinion.

Petition for rehearing denied.