## Caddies Under Fourteen.

KOCH, Dep. Att'y-Gen., Jan. 29, 1930.—In your letter of Dec. 12th you have requested us to advise you whether minors under fourteen years of age may be employed as caddies by golf clubs in Pennsylvania.

Section 2 of the Child Labor Act of May 13, 1915, P. L. 286, provides as follows:

"No minor under fourteen years of age shall be employed or permitted to work in, about, or in connection with, any establishment or in any occupation."

In the 1st section, the term "establishment" is defined to mean "any place within this Commonwealth where work is done for compensation of any kind, to whomever payable: Provided, That this act shall not apply to children employed on the farm or in domestic service in private homes."

In an opinion rendered by this Department to your predecessor, we advised that no minor under fourteen years of age may be employed or engaged in any occupation within the Commonwealth of Pennsylvania, irrespective of the state of his residence: Child Labor Law, 9 D. & C. 779. The subject

especially under consideration therein was the employment of children in theatrical work.

On Nov. 4, 1915, in an opinion rendered to the Commissioner of Labor and Industry, Attorney-General Francis Shunk Brown makes this comment on the act in question (Opinions 1915-1916, page 351):

"This Act of 1915 was passed in line with other advanced legislation seeking to safeguard and develop the youth of the State in their health, comfort and intelligence, and should not be so construed as to produce a result to the injury and disadvantage of many of those intended to be so benefited. Legislation of this kind cannot always be enforced strictly according to the letter thereof, but should be interpreted and applied with the fullest measure of sound discretion and judgment, always mindful of basic principles and of the useful ends desired to be accomplished."

Whether the Legislature of 1915 considered children engaged as caddies during vacation time or after school hours, we can only surmise. The debates are silent in this regard. The act by its terms is broad enough to forbid minors under fourteen to be employed or engaged as caddies. It is well known that the Act of 1915 was passed in response to a widespread public demand for the protection of children from exploitation in industry. A careful reading of the Act of 1915 impels one to the conclusion that it was intended that children under fourteen years of age were to be protected absolutely from the effects of any kind of employment save only farm work and domestic work in private homes.

While we shall consider this matter in the light of the expression of former Attorney-General Brown, hereinabove quoted, we find ourselves confronted with certain decisions that require us to adhere to the general rule announced in 9 D. & C. 779.

At virtually every golf course the caddies are under the jurisdiction and direction of a so-called caddy master. It has been held by the highest court of appeals of Illinois and of California that a caddy is an employee of a golf club, irrespective of whether the club or the members pay him for his services: Indian Hill Club v. Industrial Commission, 140 N. E. Repr. 871, 309 Ill. 271; Claremont Country Club v. Industrial Accident Commission of the State of California, 163 Pac. Repr. 209, 174 Cal. 395, L. R. A. 1918 F, 177. These were decisions under the workmen's compensation laws of the above states, but it would be highly inconsistent to hold that a caddy is an employee of a country club in the sight of the Workmen's Compensation Law and not in the sight of the Child Labor Law.

In view of these decisions, it cannot avail us to adopt the contention that a school boy who, after school or during vacation times, acts as a caddy is not engaged in an "occupation." The term "occupation" has been defined to mean and comprehend "that which occupies or engages the time or attention; the principal business of one's life; vocation; employment; calling; trade:" Union Mutual Accident Ass'n v. Frohard, 25 N. E. Repr. 642. "Occupation" has been defined to mean "regular business:" Standard Life and Accident Ins. Co. v. Fraser, 76 Fed. Repr. 705. Citations to the same effect might easily be multiplied.

While it can be argued quite convincingly that caddying, in the light of the above definitions, hardly rises to the dignity of an occupation, it is nevertheless true that a caddy is "employed or permitted to work in, about, or in connection with," an "establishment," as defined by the Act of 1915.

Our attention has been called to the opinion of Attorney-General Francis Shunk Brown, rendered on Sept. 16, 1915, to the Commissioner of Forestry

(Opinions, 1915-1916, page 505). In that opinion the Attorney-General ruled that the exemption of children employed on the farm applied to children employed at State forest nurseries in the light and easy work of keeping young seedling trees free from weeds. While it is frequently the case that the well-kept greensward that now knows the dull thud of divots, in former days was furrowed by the plow, it can hardly be contended that employment on a golf course is employment on a farm. We are, therefore, constrained to advise that, in the present state of the law, minors under fourteen years of age may not be employed or permitted to act as caddies. The relief must be sought at the hands of the Legislature.

From C. P. Addams, Harrisburg, Pa.

NOTE.—See Child Labor Laws Nos. 1, 2 and 3, 25 Dist. R. 40, 79, 196; Employment of Minors, 25 Dist. R. 903; Mugrauer v. McKenzie, 25 Dist. R. 69; Commissioner v. Laskey, 25 Dist. R. 907.