(No. 10942.)

THE CHICAGO RAILWAYS COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL BOARD OF ILLINOIS *et al.* Defendants in Error.

*Opinion filed December 21, 1916.*

1. WORKMEN'S COMPENSATION—*provision of Workmen's Compensation act of 1913 regarding employers in extra-hazardous occupations is not unconstitutional.* There is no material distinction between the Workmen's Compensation act of 1913 and the act of 1911 as regards employers engaged in extra-hazardous occupations, and the act of 1913 is not subject to the constitutional objections that it violates the right of freedom of contract, is special and class legislation, and grants special and exclusive privileges and immunities to some individuals which are denied others, or that it deprives the employer of the right of trial by jury. (*Deibeikis* v. *Link-Belt Co.* 261 Ill. 454, followed.)

2. SAME—*the fact that an employee was negligent does not take the act which results in an injury out of the course of employment.*

Where a street railway employee is killed by the sudden jumping forward of one car into another while he was attempting, as part of his duties, to connect the trolley of the former car to the current, his injury must be regarded as one received in the course of his employment, irrespective of the question of his negligence and his disobedience of the rules of the company in leaving his car in a condition where it would start when the trolley was connected.

3. SAME—*the extra-hazardous occupation of "carriage by land or water" includes street railways.*  A street. railway company is within the provision of paragraph (*b*) of section 3 of the Workmen's Compensation act of 1913, which specifies, among the extra-hazardous occupations, "carriage by land or water and loading and unloading in connection therewith," as the words "loading and unloading" apply as well to passengers as to freight and to street railways as well as to steam railways.

4. SAME—*employer cannot relieve himself from liability under the Workmen's Compensation act by contract with employee.*  It is contrary to the policy of the Workmen's Compensation act of 1913 that an employer who has come under the provisions of the statute by virtue of his failing to file an election in writing to the contrary shall relieve himself from liability under the act by private agreement or contract with the employee.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding.

THOMAS H. SLUSSER, and FRANK L. KRIETE, (W. W. GURLEY, and J. R. GUILLIAMS, of counsel,) for plaintiff in error.

A. S. LANGILLE, (DANIEL L. CRUICE, of counsel,) for defendants in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is a writ of error to the circuit court of Cook county to review a judgment of that court confirming an award of the Industrial Board against plaintiff in error in favor of the administrator of the estate of James Balla, deceased, under the Workmen's Compensation act of 1913. Balla was a motorman employed by plaintiff in error in

276 – 8

the operation of one of its cars on October 17, 1913. On that day, while he was on the ground in front of his car attempting to adjust the trolley so as to furnish current to move his car into the barn, the car suddenly started forward and caught his body between it and a car ahead, injuring him so that he died the same day. Claim was made by his administrator to the Industrial Board for an award. A committee of arbitration was appointed and after hearing the evidence and the stipulation of facts made an award and finding against plaintiff in error. A petition for review by the Industrial Board was filed by plaintiff in error, and that board confirmed the finding and award of the committee on arbitration and adjudged that plaintiff in error pay to the administrator $6.37 per week for 415 weeks and $6.45 for one additional week, commencing October 17, 1913. Plaintiff in error sued out a writ of *certiorari* from the circuit court of Cook county to review the award and finding of the Industrial Board. The circuit court confirmed the decision and award of the Industrial Board and entered judgment against plaintiff in error in accordance therewith. The circuit court made a certificate that the cause was one proper to be reviewed by the Supreme Court, and thereupon this writ of error issued out of this court.

It is first contended that the act of 1913 is unconstitutional because it interferes with the freedom of contract and because it is special and class legislation, granting special and exclusive privileges and immunities to certain individuals which are denied to others. The plaintiff in error insists the act of 1913 is different from the act of 1911, which was held constitutional in *Deibeikis* v. *Link-Belt Co.* 261 Ill. 454, and not in violation of the provisions of the constitution it is claimed the act of 1913 violates. The differences between the two acts relied on are, that the 1911 act applied only to employers engaged in especially hazardous or dangerous employments or occupations, while the 1913 act provides "that any employer in this State may

elect to provide and pay compensation" under the act. Under the 1911 act every employer within the provisions of that act was presumed to have elected to provide and pay compensation according to the act unless and until he filed a notice in writing to the contrary with the State Bureau of Labor Statistics. Under the 1913 act the employer engaged in an extra-hazardous occupation is likewise conclusively presumed to be under the act unless he files a written election to the contrary, but employers in other than extra-hazardous occupations are not under the provisions of the act unless they file an election to provide and pay compensation under the act. Plaintiff in error is engaged in an occupation which is brought under the provisions of the 1913 act unless notice of an election to the contrary is filed in writing. In the *Deibeikis case* it was held such a provision in the act of 1911 did not violate the constitutional right of freedom to contract. There is no material distinction between the two acts with regard to employers engaged in hazardous occupations. We have held the former act was not subject to the objection here made, and it must follow, for the reasons given in the *Deibeikis case,* that the 1913 act is not subject to such objections. There is no merit in the contention of plaintiff in error that the act is invalid because it is special and class legislation and grants special and exclusive privileges and immunities to some individuals which are denied others, or that it is invalid because it deprives plaintiff in error of the right of trial by jury. The *Deibeikis case* substantially answers every constitutional objection raised in this case by plaintiff in error.

The facts appear to show that if deceased had observed the rules of plaintiff in error, with which he was familiar, the accident might not have occurred. If the deceased had obeyed the rules of the plaintiff in error company he would have left his car in such condition that it would not have started when he adjusted the trolley, and plaintiff in error contends that the injury which caused his death was not an

accidental one sustained by deceased, arising out of and in the course of his employment. What he was doing arose out of and was being done by him in the course of his employment. The fact that he acted negligently in doing it did not take him out of the employment of plaintiff in error nor the act which resulted in the injury out of the course of his employment.

One of the hazardous occupations brought under the provisions of the 1913 act, in the absence of an election in writing to the contrary, is "carriage by land or water and loading and unloading in connection therewith." Plaintiff in error contends that this does not include street railways unless the word "and" following the word "water" is changed to the word "or." Plaintiff in error's contention in substance is, that the provision quoted applies only to carriers where those in charge of the instrumentalities of carriage are also charged with the duty of loading and unloading. In our view the language of the act will bear no such construction. The words "loading and unloading," in common use and understanding, apply as well to passengers as to freight and to street railways as well as to steam railways. Loading and unloading passengers on street railways is connected with the carriage of such passengers, and we have no doubt from the language of the act, persons engaged in such employment were intended to be embraced within its provisions.

The deceased applied to plaintiff in error for employment as a motorman on August 4, 1913. Between that date and the day he was employed, August 25, 1913, he went through a course of training as a student of plaintiff in error. He passed a satisfactory examination and was employed August 25, 1913. In his application for employment he agreed to assume all risks of accidents resulting from his own negligence, and agreed if he entered the employment of plaintiff in error to assume all risks of accidents happening as the result of his own negligence while in such

employment and to acquit plaintiff in error of all liability for any personal injury suffered by him while in such employ. Plaintiff in error contends that this amounted to a contract between it and deceased that they were not to be subject to the Workmen's Compensation act, and that no recovery can be had under that act. The Workmen's Compensation act is the declared public policy of the State upon the subject embraced in the statute, and provides a method by which employers may exempt themselves from providing and paying compensation under the act to employees for accidental injuries sustained and arising out of and in the course of the employment. It is contrary to the policy of the act to allow an employer, while choosing to come under the provisions of the statute by not filing an election in writing to the contrary, to relieve itself from liability under the act by private agreement or contract with the employee.

As originally adopted, paragraph (*f*) of section 19 of the Workmen's Compensation act of 1913 provided for a review of the decision of the Industrial Board on questions of law involved in the decision, by the Supreme Court, by *certiorari.* This provision was held unconstitutional in *Courter* v. *Simpson Construction Co.* 264 Ill. 488, and the act was subsequently amended so as to provide for a review of a decision of the Industrial Board by writ of *certiorari* issued out of the circuit court, and plaintiff in error contends it was thereby "deprived of a real and substantial right of review therein provided for, and it would be improper, unjust and contrary to law to compel plaintiff in error to have its rights adjudicated under the remaining provisions of said act." We have read the argument of counsel upon this branch of the case and are unable to see the slightest merit in it.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*