## John Purcell, Appellee, v. Chicago City Railway Company et al., Appellants.

### Gen. No. 25,726.

1. WORKMEN'S COMPENSATION ACT—*when employer and employee presumed subject to act.* Where plaintiff, in an action for personal injuries, and his employer are engaged in a business of an extra-hazardous nature and defendant is also engaged in such a business, all will be presumed to be subject to the Workmen's Compensation Act in the absence of proof of rejection of the act.

2. WORKMEN'S COMPENSATION ACT—*what essential to rejection of act.* Proof of both the filing of a notice of rejection of the Workmen's Compensation Act and of the posting or service of copies of such notice are essential to a rejection of the act.

3. WORKMEN'S COMPENSATION ACT—*right of action at common law against third person.* In a common-law action by the driver of a truck for personal injuries received in a collision with defendants' street car, where the evidence discloses that defendants, plaintiff and plaintiff's employer are all subject to the provisions of the Workmen's Compensation Act, it follows from the positive provisions of section 29 of such Act [Callaghan's 1916 Stat. ¶ 5475(29)] that plaintiff could not maintain the action.

4. WORKMEN'S COMPENSATION ACT—*burden of proving rejection of act in action against third person.* In an action by an employee against a third party for personal injuries where such third party, plaintiff and plaintiff's employer are engaged in occupations which presumptively are within the Workmen's Compensation Act, the burden of proving rejection of that act is upon plaintiff.

5. STREET RAILROADS—*when negligence not shown.* In an action by the driver of a horse-drawn truck for personal injuries received in a collision with defendants' street car, *held* that, even if a common-law action were maintainable, the evidence was not sufficient to show negligence on the part of defendants.

Appeal from the Circuit Court of Cook county; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1919. Reversed with findings of fact. Opinion filed June 24, 1921.

CHARLES LEROY BROWN, for appellants; JOHN R. GUILLIAMS and PHILIP ROSENTHAL, of counsel.

POLLOCK & RAINEY, for appellee.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

This is a personal injury action brought upon a common-law declaration alleging negligence on the part of defendants, in the operation of a street car and failure to give warning of its approach, whereby it collided with a wagon or truck in which plaintiff was driving, thereby causing the injury complained of. Defendants filed a plea of general issue, and at the close of the evidence moved for a directed verdict and in arrest of judgment. The motions were denied, and judgment was entered on the verdict for $7,500 in plaintiff's favor.

The main points urged on this appeal are error in denying said motions and the failure of the evidence to establish liability. We need not discuss any question as to pleadings and admissibility of evidence thereunder, in view of facts which prevent any recovery against defendants.

The evidence developed the fact that plaintiff's injuries arose out of and in the course of his employment by a company engaged in the carriage, loading and unloading of freight, an occupation declared in the Workmen's Compensation Act to be extrahazardous, to which the provisions of said act automatically apply. (Section 3 of said Act, Statute of 1913, Callaghan's 1916 Stat. ¶ 5475[3]; *Chicago Rys. Co. v. Industrial Board*, 276 Ill. 112, 116.) As it was shown and admitted that neither he nor his employer had rejected the act, both become subject to its provisions. *(Armour & Co. v. Industrial Board*, 275 Ill. 328; *Friebel v. Chicago City Ry. Co.*, 280 Ill. 76, 16 N. C. C. A. 390). Defendants' business of operating a street electric railway is also of an extrahazardous character. *(Chicago Rys. Co. v. Industrial Board, supra; Vose v. Central Illinois Public Service Co.*, 286 Ill.

519.)   Hence all the parties being engaged in an extra-hazardous business, in the absence of proof of rejection of the act they were all presumed to be subject to said act.   This presumption obtains in a case against a third party.   *(Vose case, supra; Johnson v. Choate,* 284 Ill. 214.)   Two things are essential to rejection of the act,—filing a notice to that effect with the Industrial Board, and posting or service of copies of such notice.   Plaintiff made proof of the former but not of the latter.   Proof of both was essential to establish rejection, and it has been held that the doing of one of said acts cannot be regarded as evidence that the other was done.   *(Reynolds v. Chicago City Ry. Co.,* 287 Ill. 124; *Beveridge v. Illinois Fuel Co.,* 283 Ill. 31, 17 N. C. C. A. 4063.)   "If no notice is given to the employee, although the written notice may have been filed with the Industrial Board, the attempted election is ineffectual."   *(Barnes v. Illinois Fuel Co.,* 283 Ill. 173.)

The evidence disclosing, therefore, that the suit is by an employee against third parties, and that he, they and his employer, were all subject to the provisions of the act, it follows from the positive provisions of section 29 of said Act [Callaghan's 1916 Stat. ¶ 5475(29)] that on such a state of facts he could not maintain the action.   The only right of action against the third party, in such a case is, under special circumstances, "subrogated to" or "transferred to" the employer.   *(Keeran v. Peoria, B. & C. Traction Co.,* 277 Ill. 413; *Friebel case, supra; Johnson case, supra; Gones v. Fisher,* 286 Ill. 606-11.)

Said section 29 provides for proceedings against a third party who has elected not to be bound by the act.   But not only was there no evidence tending to show that defendants had so elected—an issue raised by the plea of general issue *(Beveridge case, supra)* —but if plaintiff sought to recover under such provision it would have been necessary to aver that appel-

lants had elected not to be bound by the act. *(Vose case, supra.)* The declaration, however, is at common law. But where the parties come within the provisions of the Compensation Act said act is regarded as meaning that no common-law or statutory right to recover damages for injuries shall be available to any employee either against his employer or against a third person. He must proceed under such act. As said in *Matthiessen & Hegeler Zinc Co. v. Industrial Board,* 284 Ill. 378, the act was designed as "a substitute for previous rights of action of employees against employers and to cover the whole ground of the liabilities of the master," and the court referred to the act as "taking away existing rights of action of the employee." In the *Friebel* case *supra,* the court said:

"The injured employee could not maintain an action against a party causing the injury where the third party and himself and his employer are all bound by the provisions of the Compensation Act."

Appellee urges that the burden of proving the rejection of the act by defendants rested upon them. It was said in the *Barnes* case, *supra,* that the plea of not guilty placed the burden on plaintiff to overcome by proof the conclusive presumption of the statute that defendant was bound by said act unless it had elected to the contrary. While that was a case based on the Compensation Act, yet we think that is equally true when a state of facts is developed in the case upon which such conclusive presumption arises. The burden is then upon the party against whom such presumption obtains. Inasmuch, therefore, as the evidence shows that all the parties were engaged in an extrahazardous business, to which the Compensation Act automatically applies, and a party in such business is presumed to be bound by said act until there is proof to the contrary, and the presumption was in no way rebutted, and under such circumstances plaintiff's right of action was transferred to his employer, it

logically follows that plaintiff had no right of action against defendants either at common law or under the Compensation Act.

But if a common-law action would lie, the verdict, in our opinion, was against the preponderance of the evidence. Hence the judgment cannot stand in any event.

These facts are undisputed: Plaintiff was driving a truck team south on one of defendants' southbound lines. A street car was following, warning him to leave its track. He could not turn to the west on account of the proximity of a wall to the track. Two cars were coming on the northbound track. As soon as the first one passed he turned southeasterly to cross that track. His view of the second was unobstructed. As he turned, his horses were walking, but seeing the car he urged them forward to avert a collision but barely succeeded in getting them across the northbound track when the car struck the back part of the forward right wheel of the truck and pushed it east of and parallel with the track without overturning it. Neither car, wagon nor horses were injured. Only a trace was broken. The driver, however, fell off the wagon and received injuries.

The occurrence was witnessed by the motormen of the said southbound and second northbound cars, who stood on their respective platforms, and by six passengers. Four of the passengers testified for defendants and two for plaintiff. One of the four was sitting in the front part of the northbound car near its door, and the other three stood on the front platform of the southbound car. One of the two passengers testifying for plaintiff also stood on that platform and the other was seated inside that car near the door.

Whether there was negligence on the part of defendants depended upon the opportunity of the motorman to avoid a collision. This depended upon the speed of the car and its distance from plaintiff when he first

turned his horses into its track. All of defendants' witnesses testified that the speed of the car was from 10 to 15 miles an hour, and that when plaintiff started to turn his horses the car was only about 40 feet away. One of plaintiff's witnesses fixed the distance from 60 to 80 feet. The other had no distinct idea of it. Plaintiff fixed the distance as a half block or more away and the speed at 40 miles an hour, but his version of the circumstances was inconsistent with either. His own evidence on cross-examination and the circumstances tend to show that the estimate of both distance and speed given by defendants' witnesses was more nearly correct and more in harmony with physical conditions.

It was undisputed that the car going at the rate of 12 to 15 miles an hour could not be stopped within 50 or 75 feet, and that it stopped in a very short distance after the contact, within 10 or 12 feet as testified to by most of the witnesses. The fact that there was no damage done to either car or wagon and that the latter was merely shoved one side of the track, indicates that the impact was with much less force than would have resulted from the speed testified to by plaintiff, and tends to support the estimates of speed and distance given by defendants' witnesses. Such estimates are further supported by the fact that plaintiff began urging his horses almost immediately on turning them, and barely had time to get them across the track in question before the collision.

We think, therefore, that the clear weight of the evidence is that when plaintiff, in full view of the car, turned his horses to cross its track it was within a distance impossible to be stopped without a collision, and that he became aware of his danger almost immediately but too late to do otherwise than hurry his horses across the track to avoid it. One witness said that as he turned his horses he also turned his head to the left towards the car that was warning him to get out of its track. This may, if true, account for his

tardy apprehension of his danger. His own evidence indicates that he was greatly surprised when he observed the car was so near him.

We must, therefore, not only hold there could be no recovery at law on undisputed facts, but hold from the evidence that defendants were not negligent and plaintiff was, thus necessitating a reversal of the judgment. with findings of fact.

*Reversed with findings of fact.*

GRIDLEY and MATCHETT, JJ., concur.

Findings of fact. We find that appellants were not negligent in the operation of the street car in question and did not fail to give warning of its approach, as charged in the declaration, and that appellee was guilty of negligently contributing to the injury complained of.