DETERMINED IN THE

## FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEAR 1925.

Gregory T. Van Meter, Administrator, Appellee, v. Hartford Accident and Indemnity Company, Appellant.

## Gen. No. 29,785.

1. WORKMEN'S COMPENSATION—*death of injured employee as affecting settlement.* Workmen's Compensation Act, sec. 21, Cahill's St. ch. 48, ¶ 221, extinguishing right to compensation on death of injured employee, applies where there has been a settlement agreement approved by the Commission.

2. WORKMEN'S COMPENSATION—*death of injured employee as terminating compensation under agreement.* If approval of Commission to mutual agreement for waiver of provisions of the Workmen's Compensation Act took the contract from under section 21, Cahill's St. ch. 48, ¶ 221, providing that right to receive compensation is extinguished by death of the employee, such a settlement would be illegal as against public policy.

Appeal by defendant from the Municipal Court of Chicago; the Hon. PAUL B. LAUHER, Judge, presiding. Heard in the second division of this court for the first district at the October term, 1924. Reversed. Opinion filed October 6, 1925.

MOLONEY & POSTELNEK, for appellant.

SOELKE, JOHNSON & KOEHN, for appellee.

(210)

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

This suit is brought by the administrator of the estate of John Wahlstrom, deceased, upon a settlement contract filed with and approved by the Industrial Commission of Illinois, which was entered into between said Wahlstrom and his employer, A. Knight, and appellant, the insurance carrier. There was a dismissal of the case as to Knight and a judgment on a verdict against the company.

The settlement, as stated in the contract, was intended as a compromise of all disputed questions of law and fact, and made while an appeal to said Commission from the finding of an arbitrator on Wahlstrom's claim for compensation was pending.

The contract provides that in consideration of the payment of the sum of $1,650 to John Wahlstrom in weekly instalments in the sum of $12 for a period of 137½ weeks commencing the 1st day of December, A. D. 1920, by A. Knight and Hartford Accident and Indemnity Company, the parties agree to waive any and all provisions of the Workmen's Compensation Act, including the right of arbitration, and to settle and adjust said claim and all differences arising out of and in the said cause under the terms of the Workmen's Compensation Act.

In submitting the contract the parties mutually join in asking the Commission to approve of such waiver and the contract, and that the parties be discharged from further liability, provided, however, that the agreement may be reviewed by said Commission upon petition of either party "as provided by paragraph (h) of section 19 of the Workmen's Compensation Act."

The judgment was for $324, covering compensation for a period of time that elapsed after Wahlstrom's death, which was in no way connected with his employment. All instalments accruing before that time were paid.

It is urged (1) that the court had no jurisdiction to enter a judgment upon the contract, and (2) if it had, the right to recover further compensation terminated with the death of plaintiff's intestate under the provisions of section (21) of the Act [Cahill's St. ch. 48, ¶ 221], which provides that "any right to receive compensation hereunder shall be extinguished by the death of the person or persons entitled thereto."

Certain points of practice are argued in connection with the question of jurisdiction, which we deem it unnecessary to discuss, for in our opinion, even if the court had jurisdiction, we think that said section 21 applies to a settlement agreement approved by said Commission as well as to awards made under the Act in due course of procedure and therefore no claim thereunder purporting to accrue after death of the employee can be recovered. Had the award of the arbitrator been sustained there can be no question that under said section the right to recover compensation would have terminated with Wahlstrom's death. If the settlement was had under the provisions of the Act, as it purports to have been, whereby it sought the approval of the Commission and expressly provided for the retention of its jurisdiction under section 19 of the Act [Cahill's St. ch. 48, ¶ 219], then there would seem to be no room for discussion that the plain and comprehensive words of section 21, *"any* right to receive compensation hereunder shall be extinguished by the death," etc., apply to the contract in question.

And if it could be said that the approval of the Commission to the mutual agreement for waiver of the provisions of the Workmen's Compensation Act took the contract out from under it, then under the rulings of the Supreme Court, as we understand them, such a settlement would be illegal as against public policy as declared in said Act. (*Chicago Rys. Co. v. Industrial Board of Illinois*, 276 Ill. 112, 117; *Wabash Ry. Co. v. Industrial Commission*, 286 Ill. 194, 197; *Inter-*

*national Coal & Mining Co. v. Industrial Commission,*
293 Ill. 524, 530.)

In the last-cited case it was said that a settlement
for the amount of compensation in order to be within
the contemplation of the Act must be in accordance
with its terms and provisions. The settlement in ques-
tion provided for the settlement of a certain amount
payable in instalments of $12 weekly. The award of
the arbitrator was for the same weekly instalment for
a much longer period and a pension for life. The
effect of the settlement was to abandon the appeal
from that award and supplant it by an agreement that
amounted to a waiver of provisions of the Act in
regard to amount of compensation, contrary to section
23 [Cahill's St. ch. 48, ¶ 223]. It was not a settlement
for a lump sum such as is contemplated may be made
with the approval of the board under section 9 of the
Act [Cahill's St. ch. 48, ¶ 209], but a compromise for
a lesser sum than had already been awarded. We
think this was as much a waiver of the amount of
compensation as was held to be under the facts in the
case of the *International Coal & Mining Co. v. Indus-
trial Commission, supra.*

In this view of the case there could be no recovery
and the judgment will be reversed as a matter of law.

*Reversed.*

GRIDLEY and FITCH, JJ., concur.