LaClede Cunningham, Appellee, v. Fred W. Metzger, Appellant.

Gen. No. 8,170.

Heard in this court at the
February term, 1930. Opinion filed
May 13, 1930. Rehearing denied June 24, 1930.

J. A. MILLER, for appellant; SIDNEY H. BLOCK, of counsel.

HALL & HULSE, for appellee; ALBERT L. HALL, of counsel.

Mr. PRESIDING JUSTICE BOGGS delivered the opinion of the court.

An action on the case was instituted by appellee against appellant in the circuit court of Lake county, to recover for personal injuries alleged to have been received by appellee through the negligence of appellant.

Appellee and appellant were employees of the Griess-Pfleger Tanning Company.

The buildings and grounds of said company were within an inclosure maintained by said company. On said premises, the company maintains a private driveway, leading from said buildings to a public street. This driveway runs east and west, is paved, is about 18 feet wide, and runs to the main gate of said inclosure. On either side of said driveway a space is reserved for the parking of automobiles used by employees of said company. Said driveway is used by employees riding in automobiles, and by those who walk to and from said main gate.

March 19, 1927, being a Saturday, the work of many of the employees, including appellee and appellant, ceased at noon. Both of said parties changed their clothing and proceeded to leave the building, using said driveway. Appellee was walking a little to the north of the paved portion of said driveway. Appellant was driving an automobile westerly on said pave-

ment, when a car approached from the south. Appellant swerved slightly to the north, and struck appellee, causing the injuries for which this suit was brought.

The declaration consists of two counts, and in varying language charges that appellee, while in the exercise of due care for his own safety, was, by and through the negligence of appellant, struck and injured. To said declaration appellant filed a plea of the general issue and a special plea, setting forth that, at the time in question, appellant and appellee were employees of said Griess-Pfleger Tanning Company; that said company, appellee and appellant, had elected "to come under the provisions of the Workmen's Compensation Act, and, at the time and place of the alleged grievances, were then and there under and subject to said Act, and that the alleged injuries of the plaintiff were received by the plaintiff during and in the course of his employment, and arose out of it, and that the plaintiff, since receiving said alleged injuries, has been paid and has accepted compensation for said injuries, etc., from said company."

A trial was had, resulting in a verdict and judgment in favor of appellee for $5,000. To reverse said judgment, this appeal is prosecuted. There is practically no dispute as to the material facts, and they are in substance as above set forth.

On the trial, it was stipulated "that the employer (said tanning company), the plaintiff and defendant on the date of the injury were operating under the Workmen's Compensation Act of Illinois, and both the plaintiff and defendant were bound thereby," and that said employer was also bound by said act.

It is the contention of counsel for appellant that, although the duties of appellee and appellant as employees of said company on the day in question ceased at 12 o'clock, the leaving of said place of employment was so closely connected with the duties of said parties that it may be said that said accident arose out of

and in the course of said employment. On the other hand, counsel for appellee insist that, inasmuch as said parties had finished their employment for the day and were leaving, it cannot be said that said accident arose out of and in the course of such employment.

Whether an employee, in going to or from the place of his employment, is in the line of his employment, will depend largely on the particular facts and circumstances of each case. Elliott on Workmen's Compensation Act, 7th ed., 41; *Wabash Ry. Co. v. Industrial Commission*, 294 Ill. 119–123.

One of the controlling factors in determining this question is whether the employee was at the time within the orbit, area, scope or sphere of his employment.

Ordinarily if an employee is injured on the premises of the employer in going to or from work, he is entitled to compensation for such injuries. Bradbury on Workmen's Compensation, 3rd ed., 473; *Wabash R. Co. v. Industrial Commission, supra,* 122.

The employment is not limited to the exact moment when the workman reaches the place where he begins his work, or to the moment when he ceases that work. It necessarily includes a reasonable amount of time and space before and after ceasing actual employment, having in mind all the circumstances connected with the accident. Boyd on Workmen's Compensation, sec. 486; *Wabash Ry. Co. v. Industrial Commission, supra,* 123; *Schweiss v. Industrial Commission,* 292 Ill. 90–92.

It has been repeatedly held that, where one is injured while merely going to or returning from his employment, the injury is considered to have occurred within the line of his employment. *Friebel v. Chicago City R. Co.,* 280 Ill. 76–83; *Crane Co. v. Industrial Commission,* 306 Ill. 56–60; *Indian Hill Club v. Industrial Commission,* 309 Ill. 271–275. In *Western Coal & Mining Co. v. Industrial Commission,* 296 Ill. 408, an employee of the coal company, after arriving at the

mine and before beginning work, started to what was known as the "wash-house," to change his clothing. In doing so, he passed down a railroad track in the switch yards on said premises, where he was struck and killed by a train. The court, in discussing the question as to whether he was at that time in the line of his employment, at page 411 says: "He was not compelled to use this track to get to the wash-house, but he with all the other men was permitted to use it, and the railroad tracks had apparently long been used habitually for walking to and from the mine,—in fact from the commencement of its operation. In an action at common law such use of the tracks might have constituted contributory negligence, but contributory negligence is not a bar to an award under the Workmen's Compensation Act.

"The cases of *Schweiss v. Industrial Commission,* 292 Ill. 90, and *Wabash Railway Co. v. Industrial Commission,* 294 Ill. 119, sustain the finding that the accident occurred in the course of and arose out of the employment of the deceased. In the latter case it is said that if an employee is accidentally injured on the premises of his employer in going from his work, leaving within a reasonable time and following the customary or permitted route off the premises, the accident would be held to arise out of the employment. The same rule applies, of course, to an employee going to his work, for going to work is an incident as necessary to employment as quitting."

The record in this case discloses that neither appellee nor appellant had left the sphere of their employment; they were still on the premises of the employer and within its inclosure. The injury occurred from 5 to 10 minutes after 12 o'clock. Upon changing their clothing, appellee and appellant started, one riding, the other walking, toward the main gate, on the only way afforded by the employer for going to and from the buildings on said premises.

It is not essential to the right to receive compensation that the employee should have been working at the particular time when the injury was received. The employee is not limited to the exact moment when he begins to work or when he quits. *Wabash Ry. Co. v. Industrial Commission, supra,* 122; *Indian Hill Club v. Industrial Commission, supra.* In the latter case, Francis Wilbern, a boy 12 years old, was a caddy at said club. He had gone to the club for the purpose of caddying, and later he started for his home. He was struck by an automobile and was seriously injured. The court, in discussing his right to compensation, at page 275 says:

"It is also contended that the injury did not occur in the course of the employment, and did not arise out of it. The defendant in error, having waited until he saw there was no immediate prospect of his services being needed, was leaving the grounds of the club, and while doing so, but still on the grounds and about 30 feet from the clubhouse, was injured. It is not essential to the right to receive compensation that the employee should have been working at the particular time when the injury was received. The employment is not limited to the exact moment when he begins work or when he quits work. (*Wabash Ry. Co. v. Industrial Commission,* 294 Ill. 119.) An injury accidentally received on the premises of the employer by an employee while going to or from his place of employment by a customary or permitted route, within a reasonable time before or after work, is received in the course of and arises out of the employment." Citing *Porter Co. v. Industrial Commission,* 301 Ill. 76; *Western Coal & Mining Co. v. Industrial Commission, supra; Wabash Ry. Co. v. Industrial Commission, supra; Schweiss v. Industrial Commission, supra,* 90.

We therefore hold as a matter of law that, on the undisputed facts, the accident in question arose out of and in the course of appellee's employment. This be-

ing true, under sections 6 and 29 of the Workmen's Compensation Act, Cahill's St. ch. 48, ¶¶ 206 and 229, appellee is not entitled to recover. *Keeran v. Peoria, B. & C. T. Co.,* 277 Ill. 413–419; *Friebel v. Chicago City R. Co., supra,* 83; *Rogers v. Illinois Cent. R. Co.,* 210 Ill. App. 577–583; *Bishop v. Chicago Rys. Co.,* 215 Ill. App. 153–157; *Purcell v. Chicago City R. Co.,* 221 Ill. App. 343–346.

It was also urged by counsel for appellant that the evidence fails to sustain the charge of negligence set forth in the declaration. In view of what we have already said, it is not necessary for us to pass on this assignment of error.

For the reasons above set forth, the judgment of the trial court will be reversed.

*Judgment reversed with finding of facts.*

We find as the ultimate facts in this case that appellee, appellant and the Griess-Pfleger Tanning Company were all bound by the provisions of the Workmen's Compensation Act; that the accident for which this suit was brought arose out of and in the course of appellee's employment, and that, by reason thereof, this suit cannot be maintained.