## LAUDATO v HUNKIN-CONKEY CONSTR CO

Ohio Appeals, 8th Dist, Cuyahoga Co

No 16706. Decided May 31, 1938

Blase A. Buonpane, Cleveland, and Paul Mancino, Cleveland, for appellee.
Horn, Weisell, McLaughlin & Lybarger, Cleveland, for appellant.

STEVENS, PJ, WASHBURN and DOYLE, JJ, (9th Dist) sitting by designation.

## OPINION

By DOYLE, J.

The sole question for determination in this appeal on questions of law from the Court of Common Pleas of Cuyahoga County, is whether the admissions in the pleadings and the undisputed evidence in the trial were sufficient to empower the trial court to instruct the jury to return a verdict for the claimant under the Workmen's Compensation Law of this state, in view of the defenses urged and the evidence offered to sustain them.

Patsy Laudato, the claimant, was in the employ of the Hunkin-Conkey Construction Company, the appellant, on the day of his injury, and it appears that he was injured while riding upon a material hoist

on a construction job, contrary to a rule and against the instructions, both general and special, of his employer. He had been ordered to clear certain rubbish and debris from the seventh floor of the building under construction, to load the material on a wheelbarrow or buggy, and to place the wheelbarrow or buggy on the material hoist. The hoist was then to be lowered to the ground floor by the hoisting engineer, and the claimant was to unload the wheelbarrow and dispose of the debris.

On the day in question, the claimant wheeled the buggy onto the hoist, and, instead of going to the ground floor by way of a stairway to perform the next step of his job, i.e., that of unloading, he rode down on the said hoist. When the ground floor was reached, the floor of the hoist struck with sufficient force, to upset the buggy and throw off the claimant and injure him.

. The defense claimed and introduced evidence to substantiate its claim that:

1. The material hoist was designed and used for the sole purpose of carrying building material and not human beings.

2. It was contrary to the practice and custom of the workmen to ride a material hoist.

3. Company rules were in force which prohibited workmen from riding on the hoist.

4. The claimant was specifically ordered and instructed not to ride the hoist.

· Are these defenses good in law under the undisputed facts in this case?

The members of this court are of the opinion that even though Laudato had violated every rule and regulation set out in the defense, nevertheless the fact remains that he was injured while in the act of doing the work for which he was employed. It was his work to load the hoist on the seventh floor and it was his duty to unload the hoist on the ground floor. It was necessary for him to descend from the seventh to the first floor to complete this part of his labor. And under these circumstances, even though he rode ·the lift in violation of known regulations and instructions, and perhaps in utter disregard of his own safety, he still was acting within the course of his employment as that term is used in the Ohio Workmen's Compensation Act.

Courts, throughout the English speaking countries of the world, for many years have followed the following rule, which is just, humane, and within the spirit of the social legislation under consideration in this case:

"Disobedience to an order or breach of a rule is not of itself sufficient to disentitle a workman to compensation, so long as he does not go outside the sphere of his employment. There are prohibitions which limit the sphere of employment, and prohibitions which deal only with conduct within such sphere. A transgression of a prohibition of the latter case leaves the sphere of employment where it was, and consequently will not prevent recovery of compensation. The transgression of the former class carries with it the result that the man has gone outside the sphere."

1. Honnold on Workmen's Compensation, §113.

The prohibitions in the instant case did not limit the sphere of claimant's employment, but dealt only with conduct within the boundaries of his employment, and a violation of the orders and prohibitions did not make the accident one which did not arise out of and in the course of the employment.

Industrial Comm. v Funk, 68 Colo. 467.

Gurski v Susquehanna Coal Co., 262 Pa. 1.

Chicago Railways Co. v Industrial Board, 276 Ill. 112.

Union Colliery Co. v Industrial Comm., 298 Ill. 561.

Jackson v Denton Colliery Co., Ltd., 7 B. W. W. C. 92.

23 A.L.R. 1161, annotation.

It must therefore follow that the claimant was in the course of his employment at the time of his injury. His conduct at best was mere negligence. The enactment of the Workmen's Compensation Act was the culmination of a public sentiment that employees should receive compensation for injuries received in the course of their employment regardless of negligence, unless the injury "was * * * purposely self-inflicted" (§1465-68 GC). It is bottomed on the theory that injuries to workmen should be regarded as a charge upon the business which the employer is conducting.

The Supreme Court of this state has said:

"2. The test of right to award from the insurance fund under the Workmen's Compensation Law, for injury in the course of employment, is not whether there was any fault or neglect on the part of the employer, or his employees, but whether the employment had some causal connection with the injury, either through its activities, its conditions or its environments."

And further that—

"4. The statute * * * should be liberally construed in favor of employees."

**Industrial Comm. v Weigandt, 102 Oh St 1.**

This comprehensive test has been the law of this state for many years; and while there are many cases throughout the country holding that a violation of rules or instructions takes the act out of the course of employment, there are also many which do not. And it should be observed that many of the cases from other jurisdictions construe Workmen's Compensation Acts which either differ from the Ohio Act, contain provisions not found in the Ohio Act, or contain provisions dealing directly with violation of instructions on the part of workmen. If any rule of the kind asked for by the appellant is to be adopted in this state, it should be pronounced by the Supreme Court.

For discussion on the subject both for and against the rule adopted in the instant case see—

Fournier v Androscogin Mills, 23 A.L.R. 1156, and annotation, supra.

26 A.L.R. 166, annotation.
58 A.L.R. 197, annotation.
83 A.L.R. 1211, annotation.
Judgment affirmed.

STEVENS, PJ, and WASHBURN, J, concur.