(No. 3348—

SUSAN MARIE HERTEL, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed September 14, 1939.*

GERALD C. SNYDER, for claimant.

JOHN E. CASSIDY, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

For more than one year prior to October 17th, 1938, Leo Nicholas Hertel, deceased husband of the claimant herein, was employed as a day laborer in the Division of Highways of the Department of Public Works and Buildings of the respondent. On the last mentioned date, while in the performance of his duties, he sustained accidental injuries which resulted in his death on the next succeeding day.

Just prior to the time of the accident which resulted in his death, said Leo Nicholas Hertel was working with several other employees on U. S. Route No. 41, about one mile north of the Village of Gurnee, in Lake County. Route No. 41 is essentially a north and south route, but at the point of the accident is more nearly east and west. The roadway at that point consists of two pavements, each thirty feet in width, with a boulevard between them, and each pavement is divided into three traffic lanes.

Hertel was engaged in pouring tar into pavement cracks and expansion joints in the concrete roadway. On account of the fact that the workmen were continually moving along the highway, no "Men Working" signs were placed on the highway, but the workmen were protected by a flagman. The maintenance patrolman had instructed the flagman to take the Division service truck and get a supply of fresh drinking water, and at the same time instructed Hertel to stop pouring operations until the flagman returned.

Hertel started to move off the pavement, but stopped to pour tar into a longitudinal joint between the outside and middle traffic lane. At that time an automobile was approaching from the west, in the outside traffic lane. The driver "tapped" the horn when he was approximately fifty feet from Hertel, and slackened the speed of his car. Apparently Hertel did not hear or see the approaching car, as he kept on moving, and walked into the left front side of the car and was struck by the left front fender.

The maintenance patrolman was facing in the opposite direction and did not see the accident, and the only eye witnesses were the driver and the passengers in the car.

The only question involved in the case is whether claimant is barred from maintaining a proceeding under the Workmen's Compensation Act by reason of the fact that at the

time of the accident her husband was violating the instructions of his superior officer in failing to cease pouring operations until the return of the flagman.

A similar question was considered by our Supreme Court in the case of *Republic Iron Co.* vs. *Ind. Com.*, 302 Ill. 401, and the rule was there laid down as follows: (page 406)

"The rule is, that where the violation of a rule or order of the employer takes the employee entirely out of the sphere of his employment and he is injured while violating such rule or order it cannot be then said that the accident arose out of the employment, and in such a case no compensation can be recovered. If, however, in violating such a rule or order the employee does not put himself out of the sphere of his employment, so that it may be said he is not acting in the course of it, he is only guilty of negligence in violating such rule or order and recovery is not thereby barred. (*Union Collier Co.* vs. *Industrial Com.*, 298 Ill. 561.) As was said in the case just cited in quoting from the case of *Jackson* vs. *Denton Colliery Co.*, W. C. & Ins. Rep. 91, (7 B. W. C. C. 92), it does not matter in the slightest degree how many orders the employee disobeys or how bad his conduct may have been if he was still acting in the sphere of his employment and in the course of it the accident arose out of it."

The rule there announced is in accordance with the previous decisions of the court. *Chicago Ry. Co.* vs. *Ind. Board*, 276 Ill. 112; *Union Colliery Co.* vs. *Ind. Com.*, 298 Ill. 561.

In the case of *Imperial Brass Co.* vs. *Ind. Com.*, 306 Ill. 11, the court quoted from the decision in the Republic Iron Co. case, and after a consideration of the previous authorities on the subject, adhered to the rule above set forth.

At the time of the accident in question, Hertel was acting within the sphere of his employment and in the course of it, and consequently his failure to obey the orders of his superior does not constitute a bar to this action.

Upon a consideration of all of the evidence in the record, we find as follows:

1. That on October 17th, 1938 claimant's intestate, Leo Nicholas Hertel, and the respondent were operating under the provisions of the Workmen's Compensation Act of this State.

2. That on said day said Leo Nicholas Hertel sustained accidental injuries which arose out of and in the course of his employment, and which resulted in his death on the next succeeding day.

3. That notice of the accident was given to the respondent, and claim for compensation on account thereof was made

within the time required by the provisions of the Workmen's Compensation Act.

4. That the necessary first aid, medical, surgical and hospital services were provided by the respondent.

5. That said Leo Nicholas Hertel left him surviving the claimant, Susan Marie Hertel, his widow, and Donald Hertel, Howard Hertel, and Earl Hertel, his children, all of whom were totally dependent upon the earnings of said Leo Nicholas Hertel for their support; that all of said children were under the age of sixteen years at the time of the accident.

6. That the earnings of said Leo Nicholas Hertel during the year next preceding the injury were Twelve Hundred Forty-eight Dollars ($1,248.00), and his average weekly wage was Twenty-four Dollars ($24.00).

7. That under the provisions of Sections 7-a and 7-h-4, the amount of compensation to be paid to the dependents of said Leo Nicholas Hertel, is Five Thousand Dollars ($5,000.00); that such compensation is payable in weekly installments of Fifteen Dollars ($15.00) per week, commencing October 19th, 1938.

8. That the share of such compensation which otherwise would be payable to said Donald Hertel, Howard Hertel and Earl Hertel, should be paid to their mother, Susan Marie Hertel, for the support and maintenance of such children.

9. That said Susan Marie Hertel is now entitled to have and receive from the respondent the sum of Seven Hundred Five Dollars ($705.00), being the amount of compensation which has accrued from October 19th, 1938 to September 13th, 1939, to-wit, forty-seven (47) weeks, at Fifteen Dollars ($15.00) per week.

It Is Therefore Ordered that the share of such compensation which otherwise would be payable to the said Donald Hertel, Howard Hertel and Earl Hertel, shall be payable to their mother, Susan Marie Hertel, for the support and maintenance of such children.

It Is Further Ordered that an award be entered herein in favor of the claimant, Susan Marie Hertel, for the sum of Five Thousand Dollars ($5,000.00), payable as follows, to-wit:

The sum of Seven Hundred Five Dollars ($705.00), being the amount of compensation which has accrued from October 19th, 1938 to September 13th, 1939, shall be paid forthwith.

The balance of such compensation, to-wit, the sum of Forty-two Hundred Ninety-five Dollars ($4,295.00), shall be paid in Two Hundred Eighty-six (286) weekly installments of Fifteen Dollars ($15.00) each, commencing September 20th, 1939, and one final installment of Five Dollars ($5.00).

This award being subject to the provisions of an Act entitled "An Act Making an Appropriation to Pay Compensation Claims of State Employees and Providing for the Method of Payment Thereof," approved July 3, 1937 (Session Laws 1937, page 83), and being subject further to the terms of an Act entitled "An Act Making Appropriations to the Auditor of Public Accounts for the Disbursement of Certain Moneys Until the Expiration of the First Fiscal Quarter After the Adjournment of the Next Regular Session of the General Assembly," approved July 1st, 1939 (Session Laws 1939, page 117);—and being by the terms of the first mentioned Act, subject to the approval of the Governor, is hereby, if and when approval is given, made payable from the appropriation from the Road Fund in the manner provided by the foregoing Acts.