Joseph Biggs, Appellant, v. B. J. Farnsworth, Appellee.

Term No. 4807.

418

Opinion filed February 7, 1949. Released for publication March 7, 1949.

Jos. B. McGlynn, of East St. Louis, for appellant; Wayne P. Williams, of East St. Louis, of counsel.

Pope & Driemeyer, of East St. Louis, for appellee.

Mr. Presiding Justice Culbertson delivered the opinion of the court.

This cause arises on appeal by reason of an action filed in the circuit court of St. Clair county on behalf of appellant, Joseph Biggs (hereinafter called plaintiff), by which he sought to recover damages for personal injuries as against appellee, B. J. Farnsworth (hereinafter called defendant).

Plaintiff was injured when he was struck by an automobile driven by defendant. The accident occurred as plaintiff and defendant, both coal miners who worked for the same employer, the Perry Coal Company, were leaving work, and while both were still on the property of the coal company. The defense was affirmatively raised that both plaintiff and defendant and their employer, the Perry Coal Company, were all engaged in the business of mining coal, so that the Workmen's Compensation Act applied to them by reason of the extra-hazardous occupation, and that the accidental injuries of the plaintiff arose out of and in the course of his employment by the Perry Coal Company, and that by reason thereof, and under the Workmen's Compensation Act, plaintiff is not entitled to maintain his complaint as against defendant.

The case was tried twice before a court and jury (the first action resulted in a mistrial), and on the second trial the trial judge reserved his ruling on defendant's motion for a directed verdict made at the

close of all the evidence. After the jury had returned a verdict in plaintiff's favor, for $700, the court below allowed the defendant's motion for directed verdict, and judgment was entered in defendant's favor. Plaintiff's motion for a new trial was denied.

The evidence disclosed that plaintiff and defendant had been working in the mine on the day of the accident. The only road leading to the mine was a black cinder road, which both plaintiff and defendant, and other employees, used in going to and from the mine. The plaintiff and defendant had finished work at about 9:00 o'clock p. m., which was the usual quitting time for the night shift. Plaintiff was walking along the road, and defendant drove from a parking lot along the road, and in the dark and absence of artificial light, ran into and struck plaintiff with the right fender of his automobile. Plaintiff neither heard nor saw defendant's car before the collision, and defendant did not see plaintiff until the impact. In view of the conclusion of this court it is not necessary that we go into the question of whether the verdict of which complaint was made, was inadequate, as contended by plaintiff.

██ If an accident arises out of and in the course of employment of a common employer of a plaintiff and a defendant, all such persons are bound by the provisions of the Workmen's Compensation Act (*Cunningham v. Metzger,* 258 Ill. App. 150), and the Workmen's Compensation Act abolishes the common-law right of redress for damages for personal injuries received in the course of employment, against any person bound by the provisions of the Act (1947 Ill. Rev. Stat., ch. 48, par. 143 [Jones Ill. Stats. Ann. 143.21]; *O'Brien v. Chicago City Ry. Co.,* 305 Ill. 244, 255). The question for consideration in the instant case is whether defendant in this action was a person bound by the Workmen's Compensation Act, so as to bar a right of recovery by plaintiff as against defendant under the facts.

The courts of this State have concluded that an injury accidentally received on the premises of the employer by an employee going from his place of employment, by a customary or permitted route, within a reasonable time after work, is received in the course of and arises out of the employment (*Indian Hill Club v. Industrial Commission,* 309 Ill. 271, 275; *Cunningham v. Metzger, supra; Wabash Ry. Co., v. Industrial Commission,* 194 Ill. 119, 122).

It is contended by plaintiff in the instant case that sec. 29 of the Workmen's Compensation Act [Ill. Rev. Stat. 1947, ch. 48, par. 166; Jones Ill. Stats. Ann. 143.44] could not apply for the reason that there is no express provision in the first paragraph of sec. 29 of the Act, which bars the injured employee's cause of action as against any third person, but the action is barred only as against a third person in the event his action is transferred to his employer. It is argued in the briefs of plaintiff on appeal in this court that, assuming that the Perry Coal Company had paid compensation to the plaintiff and that it had sought to recover from the defendant under the first paragraph of sec. 29, the pleading would be self-contradictory in that the Perry Coal Company could not allege that the injuries were not the result of negligence on part of the coal company or its employees (who would, necessarily, include the defendant Farnsworth). It is argued by plaintiff that since an action did not lie on behalf of the employer as against a negligent company employee for injuries received by one of the coemployees under the facts as found in the instant case, sec. 29 could not apply to deprive an injured employee of his right to sue the negligent coemployee.

In the case of *Cunningham v. Metzger, supra,* the plaintiff and defendant were employed by a common employer, which operated under the provisions of the Workmen's Compensation Act. The company, in that case, maintained a paved driveway from its plant to

its main gate. One of the employees was struck by an automobile driven by the other employee while the injured employee was walking out the driveway. In that case there was an affirmative plea that the defendant and plaintiff, and the common employer, were all operating under the Workmen's Compensation Act, and that the injuries of the plaintiff arose out of and in the course of the employment, and that under the Act, plaintiff could not maintain the action. The court in that case held that the plaintiff and the defendant, and the employer, were all bound by the Act, and that the action could not be maintained. The court stated that neither plaintiff nor defendant (page 154) had left "the sphere of their employment; . . . they were still on the premises of the employer, and within its enclosure. The injury occurred from five to ten minutes after 12:00 o'clock. . . . An injury accidentally received on the premises of the employer, while going to and from his place of employment, by a customary or permitted route, within a reasonable time before or after work, is received in the course of and arises out of the employment. . . ." And the court concluded (at page 156) and found, as ultimate facts, that both employees and their common employer, were bound by the provisions of the Workmen's Compensation Act, and that the accident involved arose in the course of the employment, and by reason thereof, the suit could not be maintained.

In *Thornton v. Herman,* 380 Ill. 341, in which two employees employed by different employers, were involved in an accident, the court pointed out that had the defendant received an accidental injury in the course of his employment, his right to recover compensation from his employer was controlled by the Workmen's Compensation Act. Any right to recovery which he would have had at common law as against his employer, or negligent third party who was bound by the Act, was supplanted by the provisions of the

Workmen's Compensation Act. The court pointed out that it is clear, as to such matters, he was bound by the Act.

 If the defendant in the instant case had sustained an injury at the time of the plaintiff's injury, the provisions of the Workmen's Compensation Act would have controlled his right of recovery for such injury. The defendant was, therefore, bound by the Act as a person entitled to receive compensation under the Act. The court below, therefore, properly directed a verdict under the facts and the law, and the judgment was properly entered for defendant. The right of action remaining in plaintiff was as against his employer under the compensation act, and there was no subsisting right of action in favor of plaintiff and as against defendant, under the facts and the law in this case. To deny a recovery to an injured employee against the employee of a second employer, as was done in the case of *Thornton v. Herman, supra,* and to permit such recovery against a fellow employee of a common employer would be inconsistent with the provisions of the Workmen's Compensation Act. We do not believe there is anything in the case of *Botthof v. Fenske,* 280 Ill. App. 362, which is controlling, in view of the conclusions in the case of *Thornton v. Herman, supra.*

The judgment of the circuit court of St. Clair county will, therefore, be affirmed.

*Judgment affirmed.*

BARDENS and SCHEINEMAN, JJ., concur.